JONATHAN W. BABCOCK, PROSECUTING ATTORNEY v. MICHAEL HANSELMAN ET AL.

*Attorney General—Quo warranto proceedings on error.*

1. The Attorney General is the proper representative of the State in the Supreme Court in proceedings to which the State is a party; and no other attorney appearing without his consent or approval to represent the public interest, will be recognized.

2. Proceedings in the nature of quo warranto were instituted by the prosecuting attorney in the circuit court against an insurance company; and a receiver therefor, appointed by the Commissioner of Insurance in proceedings taken by him to wind up the company, was impleaded as one of the respondents. Judgment was in favor of respondents. *Held*, that the prosecuting attorney could not, without authority from the Attorney General, remove the case to the Supreme Court on writ of error.

Error to Sanilac. (Wixson, J.) Jan. 13–14.—Jan. 21.

Quo warranto. Informant brings error. Dismissed.

*Jonathan W. Babcock, Richard Winsor* and *Benton Hanchett* for informant appellant, as to the authority to institute quo warranto proceedings in relation of the prosecuting attorney, cited *McBride v. Grand Rapids* 32 Mich. 360; and generally in the circuit court: *Coon v. Attorney General* 42 Mich. 65.

*E. F. Bacon, John Atkinson* and *Isaac Marston* for respondents.

CHAMPLIN, J. An information in the nature of a quo warranto was filed in the circuit court for the county of Sanilac against Hanselman and seventeen others, by the prosecuting attorney of that county, requiring them to show by what warrant or authority they claimed to have, use and enjoy the liberties, privileges and franchises of a corporation by the name of " The Mutual Fire Insurance Company of Sanilac, Huron and Tuscola counties." Elbridge F. Bacon was made a party, charging him with being a receiver of the

corporation. Bacon answered, setting up the acts of incorporation under the general law, and the acts and omissions of the corporation which rendered it liable under the law to be closed and wound up and a receiver appointed upon the petition of the Insurance Commissioner; that such Commissioner filed a petition in the circuit court for the county of Sanilac, and Bacon was appointed receiver and was acting as such receiver. Subsequent pleadings were filed and an issue formed, and trial had before a jury, who rendered a verdict for the respondents. The prosecuting attorney then sued out a writ of error to this Court.

The Attorney General did not direct or advise the bringing of the case to this Court, and has not appeared therein, or applied to this Court for any action in the premises. He is the proper representative of the People in proceedings in this Court when the State is a party, and we cannot recognize any other attorney without his consent or approval to represent the People in suits before us. The manifest impropriety of permitting it to be done is well illustrated in the case before us. The Attorney General, representing the State, has instituted proceedings to wind up the corporation known as "The Mutual Fire Insurance Company of Sanilac, Huron and Tuscola counties," and has obtained the appointment of a receiver, with a view to the collection and distribution of its assets under the statutes of this State; and at the same time another attorney, who does not represent the State in this Court, and who is not legally entitled so to do, is prosecuting this information in the nature of a quo warranto, to have the corporate existence annulled. This is antagonistic to the proceedings instituted by the Attorney General. We cannot recognize this case as being properly before us, and

The case will be dismissed.

The other Justices concurred.