80  501
115  171

## THE PEOPLE v. MARK T. BUSSEY.

*Criminal law—Practice in Supreme Court—Agreement for continuance.*

1. The agreement of the Attorney General, or prosecuting attorney of the proper county, for the continuance of the hearing of a criminal case in the Supreme Court, is binding upon both of said officers.
2. Act No. 72, Laws of 1887, which makes it the duty of the prosecuting attorney to appear in the Supreme Court in criminal cases removed from his county, is construed as requiring him to furnish a brief and make the main argument, but the management of the case remains under the control of the Attorney General.

Error to Jackson. (Peck, J.) Argued April 29, 1890. Decided May 2, 1890.

Respondent moved for a continuance of the case, as per agreement with the Attorney General. Motion granted. The facts are stated in the opinion.

*A. J. Sawyer,* for motion.

*Eugene Pringle,* Prosecuting Attorney, *contra.*

CHAMPLIN, C. J. Motion is made on behalf of Bussey to continue the case over the term. In support of the motion, it appears that the Attorney General consented that the cause might be continued, and, relying upon such consent, counsel for Bussey had made no preparation for the argument of the case at this term, and, as the hearings of the State cases are set for May 1, and this being April 29, preparation for the hearing could not be made in the mean time.

The continuance is opposed by the prosecuting attorney

of Jackson county, in which the conviction was had. It is claimed that, since the passage of Act No. 72, Laws of 1887, the conduct of criminal cases in the Supreme Court devolves exclusively upon the prosecuting attorneys of the several counties from which they are removed, and that the Attorney General had no authority to consent to the continuance. In order to determine whether this claim is well founded, we must construe this statute in connection with existing statutes, and the rules of practice of this Court.

How. Stat. § 286, enacts that the Attorney General shall prosecute and defend all actions in the Supreme Court in which the State shall be interested or a party. Section 288 makes it his duty to consult and advise the prosecuting attorneys when requested by them, and to make a report to the Legislature specifying. the suits. which he has attended, the number of persons prosecuted, and the crimes for which, and the counties where, such prosecutions were had, and the results and punishments. awarded. Section 8683 requires notice of application for writ of error, in cases of treason and murder in the first degree, to be given to the Attorney General. Section 8696 requires the Clerk of the Supreme Court to forthwith notify the Attorney General whenever a writ of error or *certiorari* is issued, and section 8697 makes it the duty of county clerks, where a case is made before judgment, and when a bill of exceptions in criminal cases is signed and filed, to notify the Attorney General at once of such filing. Act No. 79, Laws of 1885, amends section 9577 so as to require the respondent to serve upon the Attorney General a copy of his assignment of errors, upon which he relies, within five days after the return of the record to this Court. Rule 30 of the Supreme Court also requires all exceptions, together with a copy of the indictment or information, and the whole record upon which the case

is to be heard, to be served upon the Attorney General at least 20 days before the next term of this Court, or within such other time as the judge who tried the cause, or one of the Judges of this Court, shall direct.

Under this legislation and rule, it was always the practice, as it was the duty, of the Attorney General, to conduct and control all criminal cases in this Court; and this continued until the enactment of 1887, which provides—

"That, in all criminal proceedings removed to the Supreme Court by appeal or otherwise, it shall be the duty of the prosecuting attorney of the county from whence any cause is so removed to appear on behalf of the people therein, and, with the advice and assistance of the Attorney General, to conduct such cause in such Court."

There is no repealing clause to this act, and it is our duty to so contrue it with existing legislation that the enactments may stand together, unless plainly repugnant.

We think the acts can be harmonized by construing Act No. 72, passed in 1887, as requiring the prosecuting attorney to prepare a brief and make the main argument before this Court, the duty of the Attorney General being to advise and assist in the argument. We do not think the Attorney General is relieved of the duty imposed upon him to prosecute and defend all actions in which the State is a party or interested. The statutes requiring notice to be given to him of proceedings in criminal cases, and requiring records and assignment of errors to be served upon him, and reports to be made by him, show that the management of criminal cases is still under his control.

It is to be presumed that the Attorney General and prosecuting attorney will act in harmony; and, in matters where each has a voice in the conduct of the case, such

as arrangements or agreements with opposing counsel with reference to a cause, we must hold, as we do where there are two or more attorneys in a cause, that the agreement of either one is binding upon both.  *Pantlind v. Osceola Circuit Judge*[1] (motion, January 7, 1890).  The Attorney General acted in good faith in consenting to the continuance, and for the reason that he had not the time before the case would be reached to prepare to assist in the argument.  The cause will be continued over the term.

The other Justices concurred.

---

[1] No opinion was filed in this case, which was an application for *mandamus* to compel the setting aside of the service of a declaration.