## STATE v. MARSHALL COUNTY.

Comp. Laws, § 95, provides that the attorney general shall appear for the state in all actions in the supreme court in which the state shall be interested as a party; and section 428 makes it the duty of the district attorney to appear in the district courts of their respective counties in all actions in which the state or county is interested; and Section 434, as amended by Laws 1889, Chap. 59, authorizes the district (circuit) courts to appoint a suitable person to perform the duties of the district attorney when the latter is disqualified. *Held*, that the circuit court has no authority to enter an order directing the county to pay for services of an attorney appointed by such court to argue an appeal in the supreme court in a case in which the district attorney was disqualified, since it is the duty of the attorney general to represent the state in such cases, and hence the appointment of a substitute for the district attorney was invalid.

(Opinion filed December 31, 1900.)

Appeal from circuit court, Marshall county. HON. FRANK B. SMITH, Judge.

G. B. Lindley was convicted of grand larceny in Marshall county. From an order refusing to set aside an order directing Marshall county to pay an attorney appointed by the circuit court

to argue the case on appeal on account of the disqualification of·the district attorney, Marshall county appeals. Reversed.

    *Byron Abbott,* for appellant, Marshall county.

     The trial court had no jurisdiction or authority to. appoint an attorney to prepare briefs and argue the case before the supreme court and to fix his compensation therefor, and order payment thereof by the county. It was the duty of the attorney general of. the state to perform all necessary acts in the conduct of the case before the supreme court. Only a board of county commissioners can make a contract on behalf of the county entailing expense for attorney fees. State v. Railroad, 35 N. W. 118; Pros. Atty. v. Judge, 26 N. W. 694; State v. Gleason, 12 Fla. 190; People v. Bussey, 80 Mich. 501; People v. Pacheo, 29 Cal. 210; Atchinson v. People, 5 Col. 60; Stewart v. State, 24 Ind. 142; People v. Swift, 59 Mich. 529.

    *A. Sherin,* for respondent.

     CORSON, J. This is an appeal by Marshall county from an order of the circuit court of that county made on the 8th day of August, 1900, denying the motion to vacate and set aside an order made by the Honorable Frank B. SMITH, in the above entitled action, and approved by the Honorable A. W. CAMPBELL, judge of the Fifth circuit, which order reads as follows: "The above entitled action having been taken to the supreme court on a writ of error; and it being necessary that A. Sherin, the attorney appointed by the court to prosecute said action, should attend to said case in the supreme court, and prepare the amended abstract and brief in the case, and said A. Sherin having prepared the amended abstract and brief, and having appeared in the supreme court on the 4th day of April to argue said case and look after the interest of the state in the same, it is there-

fore ordered that his fee for such service be fixed by the court at the sum of $125, to be paid by the county of Marshall. Dated this 11th day of April, 1900. By the Court; Frank B. SMITH, Judge presiding at the trial of said case in the absence of Hon. A. W. CAMPBELL. * * * I hereby ratify and approve the foregoing order. Dated April 28, 1900. A. W. CAMPBELL, Judge Fifth Circuit." The facts upon which the original order of Judge Smith was based may be briefly stated as follows: A. Sherin, Esq., was formerly states attorney of Marshall county, and during his term one G. B. Lindley was indicted and tried upon a charge of grand larceny, and at said trial the jury disagreed. Upon the subsequent trial, after Mr. Sherin's term of office had expired, he was appointed by the circuit court of the Fifth circuit, in which the judge of the Fourth circuit, who was called in to try the case, presided, to prosecute the defendant, for the reason that Byron Abbott, Esq., the duly-elected state's attorney, was disqualified by reason of his previous connection with the case as attorney for the defendant. The trial resulted in a verdict of guilty, upon which the defendant was sentenced to a term of years in the state's prison. The defendant having sued out a writ of error in the supreme court for a review of the case, the said Sherin was requested by Judge SMITH to prosecute the case in the supreme court, and prepared the necessary abstracts and briefs. In compliance with such request, said Sherin did prepare and serve an amended abstract and brief in said cause, and argued the same orally before the supreme court. The county of Marshall objects to the payment of this bill for attorney's fees upon the following grounds: "(1) That no person having the authority so to do employed Mr. Sherin to attend to said cause after the writ of supersedeas issued from the supreme court; (2) the Honorable Frank B. SMITH, judge of the Fourth judicial circuit, had no power to bind Marshall county for these ser-

vices; (3) that the order declaring that Marshall county should pay Mr. Sherin the sum of $125 for the services rendered in the supreme court was issued by Judge SMITH outside of Marshall county, and while Judge Campbell was present therein; (4) that said order was issued by Judge SMITH without one evidentiary fact to base it upon; (5) that at the time the services were rendered by said A. Sherin the said Sherin was not a resident of Marshall county, the county in which said offense was committed and the case tried; (6) that said order is informal, and does not have the force of either a judgment or an order."

It is contended by the appellant that after the case was transferred to the supreme court the conduct of the same devolved upon the attorney general of the state, and that the state's attorney, or the person appointed to try the case in his stead in the court below, had no duties to perform in relation to the case after the writ of error was issued; and it relies upon the provisions of Section 95 of the Compiled Laws, which, as amended, provides, among other things, the attorney general "shall appear for the state, and prosecute and defend all actions and proceedings, civil or criminal, in the supreme court in which the state shall be interested as a party." The statute conferring power upon the circuit court to appoint a state's attorney in certain cases is found in Section 434, Comp. Laws, as amended by Chapter 59 of the Laws of 1889, and reads as follows: "Each of the district (circuit) courts, whenever there shall be no district attorney for the county, or when the district attorney shall be absent from the court or unable to attend to his duties, may, if the court shall deem it necessary, appoint, by an order to be entered in the minutes of the court, some suitable person, an attorney at law, to perform, for the time being, the duties required by law to be performed by the district attorney, and the person so appointed shall thereupon

be vested with all the powers of such district attorney for that purpose, and the judge of the court shall fix, by order duly entered in the minutes of the court, his fee therefore, which amount shall be allowed by the board of county commissioners, and which amount shall be deducted from the salary of the district attorney." It will be observed that, under the provisions of this statute, the authority to appoint an attorney in place of the state's attorney is limited to the performance for the time being of the duties required by law to be performed by the state's attorney, and that the amount which shall be allowed by the board of county commissioners shall be deducted from the salary of the state's attorney. The duties of the state's attorney are defined by Sections 428-430, inclusive, Comp. Laws. Section 428 provides as follows: "It shall be the duty of the district attorney of the several counties to appear in the district courts of their respective counties, and prosecute and defend on behalf of the territory (state), or his county, all actions or proceedings, civil or criminal, in which the territory or county is interested or a party; and whenever the venue is changed in any criminal case, or in any civil action or proceeding in which his county or the territory is interested or a party, it shall be the duty of the district attorney of the county where such indictement is found, or the county interested in such civil action or proceeding, to appear and prosecute such indictment, and to prosecute or defend such civil action or proceeding in the county to which the same may be changed." It will be seen from the provisions of this section that the state's attorney is only required to appear in the circuit court of his own county and prosecute and defend on behalf of the state or his county all actions or proceedings, civil or criminal in which the state or county is interested or a party, except in cases where the venue is changed to some other county, in which case he is required to prosecute the action in the

county to which the venue has been changed. No duties are therein imposed upon the state's attorney in the prosecution of the action in the supreme court, and, as we have seen, the action in the supreme court is to be prosecuted by the attorney general. It is quite clear, therefore that the learned circuit judge, in requesting Mr. Sherin to prosecute the case in the supreme court, and allowing him a fee therefore, exceeded the powers conferred upon him, or upon the circuit court. The act conferring power upon the circuit court to make appointment of an attorney in place of the state's attorney must be strictly construed, as the fee allowed for such service, and paid by the county, is to be deducted from the salary of the state's attorney without his express consent. When, therefore, the state's attorney has tried the case in the court of his county, and settled a proper bill of exceptions, and it is removed by writ of error to the supreme court, he has no further duties to perform in relation to the case, but the duty is imposed upon the attorney general to properly present the case to the supreme court. This view is sustained by the practice of both the late territorial and the present supreme courts. By rule 21 of the former court, continued as rule 16 of the latter, the citation in a criminal case, abstracts, and briefs are required to be served upon the attorney general. It is true the citation is also required to be served upon the states attorney, but the evidence purpose of this service is to enable him to see that the clerk of the court below forwards the proper record to this court, and to enable him to see that any proceedings taken regarding the accused in his county pending the writ of error shall be conducted according to law. As the judge presiding at the circuit at the trial of the case of the state against Lindley had no authority to make the order sought to be vacated and set aside, it was the duty of the circuit court, upon the motion made, to have vacated and set aside the same, and its de-

nial of the motion was error. The order of that court is therefore reversed, and that court is directed to enter an order vacating and setting aside the order of the Honorable Frank B. SMITH, set out in this opinion.