## BOARD OF COM'RS OF COMANCHE COUNTY v. FAIN.

No. 7802—Opinion Filed July 24, 1917.

(166 Pac. 896.)

1. Attorney General — County Attorneys—
Authority.

Prior to the adoption of the Harris-Day
Code, district courts of this state, by virtue
of sections 1598 and 6860 of Snyder's Com-
piled Laws of 1909, and of their inherent
power, had the right to appoint temporarily
a county attorney to act in the place and
stead of the regular county attorney, where
the regularly elected county attorney was
unable to act as the representative of the
state.

2. Prosecuting Attorneys—Temporary Coun-
ty Attorney—Attorney General.

In February, 1913, it was the duty of the
Attorney General of this state to represent
the state in all actions in the Criminal
Court of Appeals wherein the state was in-
terested, and an order of the district court,
directing one appointed temporarily in lieu
of the regular county attorney to represent
the state in the prosecution of a case in the
Criminal Court of Appeals, was void and of
no force and effect.

3. Same—Compensation.

One appointed in February, 1913, to act
temporarily as county attorney under the
conditions above is entitled to compensation
for the services performed by him in exam-
ining the case-made, correcting the same,
and preparing the case for appeal from the
district court to the Criminal Court of Ap-
peals.

(Syllabus by Hooker, C.)

Error from District Court, Comanche
County; Cham Jones, Judge.

Action between J. A. Fain and the Board
of Commissioners of Comanche County.
There was a judgment, and the latter brings
error, while the former assigns cross-errors.
Affirmed on original petition in error, and
reversed on cross-errors.

T. B. Orr and J. A. Diffendaffer, for plain-
tiff in error.

John M. Young, for defendant in error.

Opinion by HOOKER, C. Section 8642,
Compiled Laws of Oklahoma 1909 (Snyder's
Stat.), provides that:

"He [the Attorney General] shall be a
member of the state board of equalization.
He shall appear for the state and prosecute
and defend all actions and proceedings, civil
or criminal, in the Supreme Court in which
the state shall be interested as a party, and
shall also, when requested by the Governor
or either branch of the Legislature, appear
for the state and prosecute or defend in any
other court or before any officer, in any
cause or manner, civil or criminal, in which
the state may be a party or interested, and
shall attend to all civil cases remanded by
the Supreme Court to any district court in
which the state is a party or interested.
He shall keep an office to be furnished by
the state in the same manner as the other
state offices."

By virtue of this section of the statute it
is made the imperative duty of the Attorney
General of this state to appear and prose-
cute all actions and proceedings in the Crim-
inal Court of Appeals, in which the state is
interested as a party.

Section 1594 thereof provides that:

"It shall be the duty of the county attor-
ney of the several counties to appear in the

district courts of their respective counties and prosecute and defend, on behalf of the state, or his county, all actions or proceedings, civil or criminal, in which the state or county is interested or a party; and whenever the venue is changed in any criminal case, or in any civil action or proceeding in which his county or the state is interested or a party, it shall be the duty of the county attorney of the county where such indictment is found, or the county interested in such civil action or proceeding, to appear and prosecute such indictment, and to prosecute or defend such civil action or proceeding in the county to which the same may be changed."

From the foregoing section of the statute it is apparent that the law-making body of this state did not contemplate that the county attorney should appear in criminal cases in the Criminal Court of Appeals, but that this duty was especially delegated and imposed upon the Attorney General of this state.

Section 1598 thereof provides that:

"Each of the district courts, whenever there shall be no county attorney for the county, or when the county attorney shall be absent from the court, or unable to attend to his duties, may, if the court may deem it necessary, appoint by an order to be entered in the minutes of the court, some suitable person to perform for the time being the duties required by law to be performed by the county attorney, and the person so appointed shall thereupon be vested with all the powers of such county attorney for that purpose."

Under this statute the district court of any county in this state, when the condition exists contemplated thereby, may appoint a suitable person to perform for the time being the duties required by law to be performed by the county attorney. That condition is when the county attorney shall be absent from the court or unable to attend to his duties. The Criminal Court of Appeals of this state, in Hisaw v. State, 13 Okla. Cr. 484, 165 Pac. 636, said:

"The foregoing statute was intended to give the district court the power and authority to appoint temporarily a county attorney to act in the place and stead of the regular county attorney under the circumstances enumerated in the statute. Prior to the adoption of the Harris-Day Code the words 'or disqualified to act' were not contained in this statute. They were inserted by the codifiers of that Code. Independent of the statute, however, the court would have the inherent power to appoint a special county attorney under any of the circumstances therein enumerated. It is essential to the very life of the court that the proper officers be in attendance upon it. The power to appoint such officers is necessary for the protection and existence of the court, and absolutely essential to the administration of justice and the enforcement of all our laws. It would be an indefensible reproach upon our institutions if crimes should go unpunished and the public business, remained unattended to for want of power in a court of general jurisdiction to appoint some one to supply the place of the regular elected officer when absent from court or disqualified to act. The courts of this state are not powerless to this extent They have the right and power to preserve their life, and the machinery of the court cannot be kept in motion without its proper officers. It is therefore an inherent power of the presiding judge of the court to supply these officers when there is a temporary vacancy or a disqualification in any particular case. We conceive it our duty, therefore, to give the foregoing statute a broad, practical, and common-sense construction in order to carry into effect the purposes for which it was enacted, and to give expression to this inherent power of courts of general jurisdiction in this state. * * *"

In the case of State v. Duncan, 116 Mo. 288, 22 S. W. 699, it was held:

"Where there was no prosecuting officer in attendance on the trial, the court had the power, aside from Revised Statutes 1889, 543, to appoint a temporary representative of the state; and the fact that, in the absence of the circuit attorney, the trial court permitted another to represent him, was tantamount to an appointment."

However, we would call attention to section 6860, Comp. Laws 1909 (Snyder's Stat.) which incidentally bears upon the right of the court to appoint someone to act for the county attorney in given cases. This section is as follows:

"If the county attorney fails, or is unable to attend at the trial, the court must appoint some attorney at law to perform the duties of the county attorney on such trial."

This court, also, in the case of Johnston v. Board of Commissioners of Murray County, 53 Okla. 693, 158 Pac. 164, said:

"By sections 1598 and 6860, Comp. Laws 1909 (Rev. Laws 1910, 1558, 5908), the district court was authorized to appoint some suitable person to perform the duties of the county attorney in certain cases wherein proceedings had been commenced for the removal of the county attorney and certain other county officials, and it was made to appear that said county attorney was adversely interested in the proceeding for the removal of such other officials.

"The person appointed to perform the duties of the county attorney under such circumstances is entitled to reasonable compensation for the services rendered, to be paid by the county."

The authorities cited in the last-named case conclusively sustain the reasoning announced therein.

In the instant case the regular county attorney of Comanche county was disqualified to act, having been counsel for defendant before he was elected to the office of county attorney therein. It became necessary in the conduct of said cause for some one to represent the county and see that a proper record was made upon appeal, in order that the rights of the state might be preserved and fully protected. The district court, being conversant with that state of facts, appointed the defendant in error to act in the place of the county attorney by reason of this disqualification. The trust imposed by this appointment was accepted by the defendant in error, and he performed his duties faithfully and well.

Under the authorities cited above the district court not only had the right to make this appointment, but it was the duty of the court to do so, and while in the order of the appointment the district court exceeded his authority by imposing upon the defendant in error the duty of representing the state and county in the Criminal Court of Appeals, which duty is imposed by statute upon the Attorney General, yet the defendant in error performed every duty imposed by the district court, and did represent, in connection with the Attorney General, the state and county in the trial of said cause in the Criminal Court of Appeals. This part of the service performed by him must be regarded as having been voluntarily performed, and, however efficient, no compensation can be recovered therefor. For his services in examining the case-made, accepting service thereof, seeing that the same contained all of the records, and in making the necessary preparations for an appeal of the said cause, he is entitled to reasonable compensation.

This cause, upon the cross-appeal of defendant in error, is reversed and remanded for a new trial upon the sole question of the value of the services performed by him for which recovery is allowed here, and upon the appeal of plaintiff in error is affirmed.

By the Court: It is so ordered.