## JESSE L. HINMAN v. STATE.

No. A-3889.    Opinion Filed April 23, 1923.
(214 Pac. 197.)

Appeal from District Court, Coal County; J. H. Linebaugh, Judge.

Jesse L. Hinman was convicted of seduction and he appeals. Appeal dismissed.

C. M. Threadgill, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Jesse L. Hinman, plaintiff in error, was by information filed in the district court of Coal county on August 24, 1920, charged with the seduction of an unmarried female of previous chaste character. At the trial, by a verdict of the jury, the plaintiff in error was found guilty as charged, and on September 15, 1920, the court rendered judgment on the verdict, fixing the punishment of plaintiff in error at confinement in the state penitentiary for a term of two years. From this judgment plaintiff in error has attempted to take an appeal to this court.

The Attorney General has filed a motion to dismiss the appeal for the reason that no notice of appeal was served upon the county attorney, as required by law, and no summons in error was issued and served upon the Attorney General of the state of Oklahoma, as required, and no waiver of such summons was had.

An examination of the record discloses that the motion of the Attorney General is well taken. The record shows that a notice of appeal was served upon the court clerk of Coal county, but that no notice of appeal was served upon the county attorney. A paper purporting to be an appearance and waiver of issuance of summons in error is acknowledged by the county attorney, but no summons in error was issued or served upon the Attorney General, and no waiver of summons and service by the Attorney General appears. The county attorney is not a legal representative of the state in this court, and is without authority to waive issuance of summons in error.

The requisite steps necessary to lodge an appeal in this court, so as to give the court jurisdiction to consider and determine the merits of the appeal, are exhaustively discussed and analyzed in Burgess v. State, 18 Okla. Cr. 574, 197 Pac. 173. For the reasons stated in that opinion and the cases there cited, it appears that this court is without jurisdiction to entertain this appeal on its merits, and that the only jurisdiction possessed by this court under the state of this record is to dismiss the appeal.

The appeal is accordingly dismissed.

MATSON, P. J., and DOYLE, J., concur.