Note.—Reported in 202 N. W. 387. See, Headnote, American Key-Numbered Digest, Mechanics' liens, Key-No. 14, 27 Cyc. 28.

---

STATE ex rel CALLAHAN, Plaintiff, v. HUGHES et al, Defendants.

(202 N. W. 285.)

(File No. 5822. Opinion filed February 10, 1925.)

1. **Criminal Law—Suspended Sentence—On Conviction or Plea of Guilty, Judge Must Appoint Time for Pronouncing Sentence and at That Time Pronounce or Suspend Sentence.**

Under Rev. Code. 1919, Secs. 4947, 4958, and 4968, as amended by Laws 1923, c. 153, Sec. 1, on conviction or plea of guilty, circuit judge must appoint time for pronouncing sentence and at that time must either pronounce or suspend sentence.

2. **District and Prosecuting Attorneys—State's Attorney—Mandamus —State's Attorney for Particular County May Not Prosecute**

Original Proceeding in Supreme Court for Writ of Mandamus to Be Directed to Circuit Judges.

Under Rev. Code 1919, Sec. 5998, state's attorney for particular county, though entitled, under section 5364, to appeal from circuit court, cannot prosecute original proceedings in Supreme Court for writ of mandamus to be directed to judges of circuit court requiring them to proceed in particular manner.

3. District and Prosecuting Attorneys—Criminal Law—Sentence—Proper Procedure for State's Attorney Desiring to Require Judge to Fix Date for and Pronounce Sentence, Stated.

Under Rev. Code 1919, Secs. 5364, 5998, state's attorney for county desiring to require circuit judge to fix time for, and pronounce sentence on, one who has pleaded guilty to an offense should proceed by motion, or by order to show cause served on defendant or his counsel, and if proper disposition of case is not then made, mater should be reported to Attorney General.

Original proceeding by the State, on the relation of J. F. Callahan, for writ of mandamus to be directed to John F. Hughes and another, as Circuit Judges of Stanley County. Writ denied.

*J. F. Callahan*, of Casselton, N. D., for Plaintiff.
*John F. Hughes*, of Fort Pierre, pro se.
*N. D. Burch*, of Dallas, pro se.

Plaintiff cited: Horner v. Taylor, 46 S. D. 124; Ex rel Webb (Wis.), 62 N. W. 177; Payne v. Anderson, 43 S. D. 630; People v. Allen (Ill.), 39 N. E. 568.

POLLEY, P. J. This is an original proceeding brought by relator as state's attorney of Stanley county, and is before us upon the return to an alternative writ of mandamus directed to John F. Hughes and N. D. Burch, as circuit judges, requiring them to cause one Arthur Johnson to appear in said court and to pronounce sentence upon him as provided by law.

It appears by the affidavit in support of the said alternative writ that on the 13th day of March, 1923, the said Arthur Johnson appeared in the circuit court in and for Stanley county, with the defendant N. D. Burch presiding, and there entered a plea of guilty to an information charging him with the violation of the prohibition law. That the said court did not at said time appoint a time for pronouncing sentence upon the said Johnson nor make any other order or disposition of the said matter, and that no

order of any kind has ever been made in the said matter, but that the said Johnson was allowed to go at large and has continued to remain at large until the present time.

[1]   Section 4947, R. C. 1919, provides that upon a verdict or plea of guilty the court must appoint a time for pronouncing sentence.   Section 4958 provides that at the time fixed, no cause to the contrary being shown, the court must pronounce judgment upon the defendant.   But under the provisions of section 4968, as amended by section 1, Ch. 153, L. 1923, the court or a judge thereof, instead of pronouncing sentence, may, in furtherance of justice, suspend sentence of the convicted person during good behavior subject to such conditions as such court or judge may impose.   While this last section gives the court wide latitude as to what disposition it will make of a particular case, the import of sections 4847 and 4968 is to require the court to take some action. Section 4947 must be complied with and when the time fixed for pronouncing sentence arrives, the court must either pronounce sentence or suspend sentence, and in the latter case show by order or the minutes of the court what was done and what conditions were imposed.   In this case this action would have to be taken by Judge Burch.   Judge Hughes, having been disqualified, had no jurisdiction in the case.   State v. Finder, 12 S. D. 423, 81 N. W. 959.

[2, 3]   But it is urged on behalf of defendant that relator is without authority to appear in this court and that the matter is not properly before us.   This contention is based on the proposition that a state's attorney is not authorized by law to appear in this court, on his own motion, in behalf of the state; that the statute (section 5998, R. C. 1919) defines the duties of a state's attorney and limits his authority.   Under this statute a state's attorney's duties are limited to matters in the circuit court.   State v. Marshall County, 14 S. D. 149, 84 N. W. 775.   We have already established the rule that a state's attorney may take an appeal from the circuit court to this court, but it is the duty of the Attorney General to take charge after the appeal is taken.   Section 5364, R. C. 1919.   In this case the relator should have proceeded by motion, or order to show cause, served on the defendant or his counsel, to bring the matter on before Judge Burch in the circuit court for appropriate action.   Then if he failed or refused to make

rome proper disposition of the case relator should have reported the matter to the Attorney General.

The application for a peremptory writ of mandamus is denied.

ANDERSON, J., not present.

Note.—Reported in 202 N. W. 285. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 977(3), 16 C. J. Sec. 3021; (2) District and prosecuting attorneys, Key -No. 8, 18 C. J. Secs. 35, 43; (3) District and prosecuting attorneys, Key-No. 8, 18 C. J. Sec. 42 (1926 Anno.).