STATE, Appellant, v. McDONALD et al, Respondents.

(203 N. W. 311.)

(File No. 5638.  Opinion filed March 27, 1925.)

**Attorney General—Appeal and Error—State's Attorney for County May Appeal; Attorney General Not Denied Right to Prosecute Appeal, Though Notice Thereof Executed by State's Attorney for County.**

Rev. Code 1919, Sec. 5364, subd. 1, does not preclude state's attorney for particular county from taking appeal on behalf of the state in criminal proceedings in cases within Sec. 5032, as amended by Laws 1919, c. 157, but requires prosecution of appeal to be by Attorney General, and leave to Attorney General to prosecute appeal taken by state's attorney will not be denied.

Appeal from Circuit Court, Stanley County; Hon. J. H. Bottum, Judge.

Tom McDonald and others were convicted of having intoxicating liquors in their possession in a public place.  From an order granting defendants Kiran Hughes and Wallace Curran a new trial, the State appeals.  On motion by the Attorney General for leave to prosecute the appeal.  Motion granted.

*J. F. Callahan,* State's Attorney, of Fort Pierre, and *Harry R. Horner,* of Pierre, for Appellant.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Respondents.

SKINNER, Circuit Judge.    This case is now before this court for a hearing on the motion of the state of South Dakota by Buell F. Jones, its Attorney General, for leave to prosecute the appeal in said case, and adopt the brief heretofore filed in this court by James F. Callahan, state's attorney of Stanley county, S. D., and Harry R. Horner, as attorneys for appellant, as the brief of the appellant as fully as though the same had been prepared, signed, and filed by the Attorney General, and for leave to prepare, serve, and file within 30 days a further or supplementary brief for appellant.

On November 16, 1923, the respondents, Wallace Curran, John Benton, and Kiran Hughes, were jointly charged and tried, after their plea of not guilty, upon an information charging them with the crime of having intoxicating liquors in their possession in a public place in Stanley county, S. D.   The respondents above named were by the jury found gulty of the crime as charged in the information, and the judgment of the court upon said verdict of the jury was that the said respondents be confined within the jail of Stanley county at Fort Pierre, S. D., for a period of 40 days, and to pay a fine of $250.

Thereafter, and on January 24, 1924, the respondents Kiran Hughes and Wallace Curran moved the said trial court for a new trial upon grounds not necessary to set out herein, and on February 27, 1924, the said circuit court, J. H. Bottum, acting judge, granted the respondents a new trial.

From this order of the circuit court an appeal was taken by the state, the notice of appeal being executed on behalf of the state by James F. Callahan, state's attorney of Stanley county, and by Harry R. Horner, an attorney of this court, and an appellant's brief was filed with the clerk of this court on May 5, 1924; said brief having been prepared by said state's attorney of Stanley county and Harry R. Horner, as attorneys for appellant.   Thereafter the respondents Kiran Hughes and Wallace Curran, appearing specially, moved the court that the appeal attempted to be taken in said action be dismissed, and that the abstract and brief be stricken from the records and files of this court uopn the grounds that said James F. Callahan as state's attorney of Stanley county, and the said Harry R. Horner, or either of them, are

without power and authority to take said appeal on behalf and in the name of the state of South Dakota.

This motion to dismiss the appeal was brought on and argued before this court, and on January 24, 1925, this court made an order denying respondents' motion to dismiss said appeal and, while no opinion was written by this court at that time, it was held:

" * * * That the notice of appeal was executed on behalf of the state by James F. Callahan, the state's attorney of Stanley county, and by Harry R. Horner, an attorney of this court; that the Attorney General, through his assistants, has acquiesced therein; that this is an appeal which is allowed to the state by section 5032, Rev. Code 1919, as amended by chapter 157, Laws 1919; that no statutory provision exists designating whether the state's attorney or the Attorney General shall take the appeal; and that subdivision one of section 5364, Rev. Code 1919, does not necessarily prevent the state's attorney from taking the appeal, but does require the Attorney General to prosecute the appeal after it is taken."

This rule is also stated in State ex rel Callahan v. Hughes et al, 202 N. W. 285, recently decided by this court.

The appeal in this case is now pending in this court, and we see no reason for denying the Attorney General the right to prosecute this appeal, adopt the brief filed by James F. Callahan, state's attorney of Stanley county, and Harry R. Horner, and, if he so desires, file a supplementary brief within 30 days after the order is filed in this court permitting him to do so, and, the respondents Kiran Hughes and Wallace Curran having requested this court for a period of 30 days within which to prepare, serve, and file respondents' brief after the decision in this matter, they are also permitted to prepare, serve, and file their brief within 30 days after appellant serves its further or supplementary brief in this action.

The motion of the Attorney General will be granted.

The petition of respondents for a rehearing will be denied.

SKINNER, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

CAMPBELL, J., not sitting.

Note.—Reported in 203 N. W. 311.  See, Headnote, American Key-Numbered Digest, Attorney General, Key-No. 6, 6 C. J. Sec. 25 (1926 Anno.); District and prosecuting attorneys, Key-No. 8, 18 C. J. Sec. 34.