STATE, Appellant, v. McDONALD et al, Respondents.

(207 N. W. 469.)

(File No. 5638.   Opinion filed February 24, 1926.)

1. Criminal Law—Settled Record—Appeal and Error—Trial—Notice of Intention—Error, in Refusing Separate Trial, Held Reviewable Without Notice of Intention to Move for New Trial and upon Settled Record (Rev. Code 1919, Sec. 4945, Subd. 6).

In prosecution of three persons, error, if any, in refusing separate trial, was one of law, during trial under Rev. Code 1919, Sec. 4945, subd. 6, and can be reviewed without service of notice of intention to move for new trial and without settled record; term "settled record" not being properly applicable to appeals from orders.

2. Criminal Law—Trial—Granting New Trial Because of Refusal of Separate Trial Held Not Abuse of Trial Court's Discretion.

Granting new trial to two of accused because their request for separate trial had been refused held not abuse of trial court's discretion, on showing that separate trial had previously been consented to.

Appeal from Circuit Court, Stanley County; Hon. J. H. Bottum, Judge.

John Benton, Kiran Hughes, and Wallace Curran, charged jointly with Tom McDonald and others, were convicted of having

intoxicating liquor in a public place, and, from an order vacating the verdict and judgment as to Wallace Curran and Kiran Hughes, the State appeals. Order affirmed.

*Buell F. Jones,* Attorney General, *and R. F. Drewry,* Assistant Attorney General, for the State.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Respondents.

(1) To point one of the opinion, Appellant cited: Parrott v. Hot Springs, 9 S. D. 202; Huempfner v. Bailey, 36 S. D. 533.

Respondent cited: State v. Johnson, 24 S. D. 590.

(2) To point two, Appellant cited: Sandmeyer v. Dakota Fire and Marine Insurance Co., 2 S. D. 346.

GATES, P. J. Defendants Curran, Hughes, and Benton, with three others, were charged with having intoxicating liquor in a public place. The three above named were jointly tried and convicted before Judge Bottum, sitting in place of Judge Hughes, disqualified.

On motion of defendants Curran and Hughes, the verdict and judgment were vacated, and they were granted a new trial upon the stated ground of errors in the decision of questions of law occurring at the trial. The state appeals. State v. McDonald, 203 N. W. 311, 48 S. D. 167.

The facts presented in behalf of the motion to vacate tended to show that, when the case was first called before Judge Hughes, the state's attorney consented to a separate trial of these defendant's, but no formal order was entered; that, when the case was called for trial before Judge Bottum, defendants Curran and Hughes asked for a trial separate from defendant Benton, and they stated that they understood a separate trial had been ordered; that the state's attorney declared that no separate trial had been ordered; that both Judge Hughes and defendants' attorney were absent, and defendants were compelled to obtain a new attorney to defend them who was unfamiliar with the previous steps taken in the case. The affidavit of the state's attorney denied that he had consented to a separate trial. The affidavits of Hughes and Curran tended to show reasons why they were prejudiced by being forced to trial jointly with Benton.

[1] If error there was in refusing a separate trial, it was an error in a decision of a question of law during the course of the trial. Rev. Code 1919, § 4945, subd. 6.

It is urged that such error can only be reviewed by a motion for a new trial, prefaced by a notice of intention to move for new trial and upon a settled record. We find nothing in the statute relating to criminal procedure which requires the service of a "notice of intention." The term "settled record" is not properly applicable to appeals from "orders." The motion for new trial was made upon the ground of:

"Error of the court in the decision of the question of the trial of these defendants together with the defendant Benton, and in making the order of court that said defendants should be tried with said John Benton, which order of the court was induced and secured by the misrepresentation and false statements of the state's attorney to the effect that the defendants had not theretofore been granted a separate trial, and that only one of said defendants above named, to wit, Burke, had been granted a separate trial."

[2] It is also urged that inasmuch as the granting or denial of a motion for separate trial is discretionary in the case of a misdemeanor, the denial of it is not a ground for a motion for new trial. If the trial court felt that it had been imposed upon in ordering a joint trial of these defendants, we are not prepared to say that it abused its discretion in granting a new trial. From the record before us, it would seem that such was the reason actuating the trial court in so acting.

The order appealed from is affirmed.

Note.—Reported in 207 N. W. 469. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1090 (11), 17 C. J. Secs. 3353, 3421; (2) Criminal law, Key-No. 914, 16 C. J. Sec. 2628.