**234 P.2d 356**

**STATE v. ARAGON et al.**

No. 5278.

Supreme Court of New Mexico.

Oct. 26, 1950.

Jose E. Armijo, Dist. Atty., E. R. Cooper, Asst. Dist. Atty., Las Vegas, Howard F. Houk, Sp. Asst. Atty. Gen., for appellant.

Noble & Spiess, Las Vegas, for appellee Louisa R. Galindre.

McGHEE, Justice.

The defendants were jointly charged by indictment with the offense of disbursing public funds to persons who had not performed services therefor, contrary to Chapter 71, Laws of 1945. Motions to quash the indictments were filed by the defendants and sustained. They were heard as to one defendant by Judge Armijo and as to the other by Judge Swope. On motions of the District Attorney, orders were entered granting appeals as to each defendant. The District Attorney caused the appeals to be docketed here and filed a brief seeking the reversal of the adverse orders.

Following the filing of the brief by the District Attorney, the appellee, Galindre, filed a motion to strike it and to dismiss the appeal on the grounds the Attorney General is the only official authorized to take such an appeal and brief the case in this court.

The statute, Sec. 42-1503, 1941 Compilation, authorizing the State of New Mexico to take such an appeal was enacted in 1917, and it has been the practice for the District Attorneys to take such appeals. This is the first time their right so to do has been questioned here.

Article 6, Sec. 24, of the New Mexico Constitution provides that the District Attorney shall be the law officer of the State within his district. Section 17-111, 1941 Compilation, makes it his duty to prosecute and defend for the state and county in all courts of record in the counties of his district in civil and criminal cases.

Section 3-302 of the 1941 Compilation provides that the Attorney General shall prosecute and defend all cases in the Supreme Court in which the state is a party or interested.

The appellee says that the word "prosecute" in Section 3-302, supra, includes the taking of the appeal; that it corresponds to filing an action and causing process to

issue to bring an adversary into court. They cite cases which lend support to this claim, but we do not feel they justify us in giving such a narrow construction to the constitutional provision relating to the powers of the District Attorney or the statute above mentioned, especially in view of the long established practice of taking such appeals by the District Attorneys.

The South Dakota statutes relating to the duties of the state's attorneys for the counties and the Attorney General are to all intents and purposes the same as ours. In State v. McDonald, 48 S.D. 167, 203 N.W. 311, exactly the same situation arose except that there the state's attorney (a local prosecutor) took an appeal from an order granting a new trial and filed a brief in the case in the Supreme Court. A motion to strike the brief and dismiss the appeal was filed. The court refused to dismiss the appeal, and granted the application of the Attorney General to adopt the brief theretofore filed and to file a supplemental brief. Here the Attorney General has intervened, announced the disqualification of himself and his regular assistants, and asked that a Special Assistant Attorney General be allowed to file a brief seeking a reversal of the rulings below.

The opinion of the South Dakota court in the McDonald case, supra, appears to be sound and we will follow it.

We are of the opinion that the District Attorney had the authority to take the appeal, but that it is the prerogative and duty of the Attorney General to brief the case and present it in this court, and that a District Attorney may only appear here in a criminal case by permission of the Attorney General and in association with him.

The motion to dismiss the appeal will be denied. The motion to strike the brief of the District Attorney will be granted.

 The Special Assistant Attorney General is granted permission to file a brief on the merits within twenty days from the date of the entry of the order which will be entered in accordance with this opinion.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.