STATE OF INDIANA *v.* JERRY MARKET; STATE OF INDIANA *v.* DAVEY LEE AVENATTI; STATE OF INDIANA *v.* ROGER OSBORNE.

[No. 1-673A106A, 1-673A107-113; 1-573A101; 1-573A102. Filed October 22, 1973.]

*Malcolm H. Aukerman,* Prosecuting Attorney, *Charles J.*

*Eusey,* Deputy Prosecuting Attorney, of Vermillion County, Indiana.

*James P. Savage,* of Clinton, *John B. McFaddin,* of Rockville, for appellees.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, *John H. Meyers,* Deputy Attorney General, for intervenors.

HOFFMAN, C.J.—The State of Indiana by Malcolm H. Aukerman, Prosecuting Attorney, 47th Judicial Circuit, Vermillion County, is appealing the trial court's sustaining of motions to quash indictments on various grounds. The State of Indiana, by Theodore L. Sendak, Attorney General of Indiana, intervening on behalf of himself and the State of Indiana, moved this court to dismiss the appeals for the reason that the Attorney General had not appeared for the State. Defendant-appellees adopted the brief of the Attorney General in support of his motion to dismiss the appeals.

The sole issue raised is: Does the Prosecuting Attorney have the authority as granted to him by statute and by the Constitution of Indiana to appeal criminal cases from his county to the Court of Appeals of Indiana or the Supreme Court of Indiana, or is that right and duty the exclusive responsibility of the Attorney General under the statutes of Indiana?

It is the contention of the Prosecuting Attorney that his office was created by the Constitution of Indiana and, as such, any statute which purports to limit the inherent authority of a constitutional officer must be strictly construed.

Although constitutionally created, the duties of the Prosecuting Attorney are enumerated by statute. Art. 7, § 11 of the Constitution of Indiana provides as follows:

"Prosecuting attorneys.—There shall be elected in each judicial circuit by the voters thereof a prosecuting attorney,

who shall hold his office for four years, and whose term of office shall begin on the first day of January next succeeding his election. The election of prosecuting attorneys under this section shall be held at the time of holding the general election in the year 1954 and each four years thereafter: Provided, That any such officer whose term is abridged by virtue of this section shall continue to serve until January 1, 1959."

IC 1971, 33-14-1-4, Ind. Ann. Stat. § 49-2504 (Burns Cum. Supp. 1972), states as follows:

"DUTIES.—Such prosecuting attorneys, within their respective jurisdictions, shall conduct all prosecutions for felonies or misdemeanors and all suits on forfeited recognizances; and superintend, on behalf of counties or any of the trust funds, all suits in which the same may be interested or involved, and shall perform all other duties required by law."

The statute which the Prosecuting Attorney contends attempts to limit his authority is the statute which enumerates the duties of the Attorney General. IC 1971, 4-6-2-1, Ind. Ann. Stat. § 49-1902 (Burns 1964), provides as follows:

"Duties generally.—Such attorney-general shall prosecute and defend all suits that may be instituted by or against the state of Indiana, the prosecution and defense of which is not otherwise provided for by law, whenever he shall have been given ten [10] days' notice of the pendency thereof by the clerk of the court in which such suits are pending, and whenever required by the governor or a majority of the officers of state, in writing, to be furnished him within a reasonable time; and he shall represent the state in all criminal cases in the Supreme Court, and shall defend all suits brought against the state officers in their official relations, except suits brought against them by the state; and he shall be required to attend to the interests of the state in all suits, actions or claims in which the state is or may become interested in the Supreme Court of this state."

The Prosecuting Attorney contends that the purpose of § 49-1902, *supra,* is to permit the Attorney General the right to appear in the Supreme Court. Without this statutory

authority, a Prosecuting Attorney would not be able to turn to the Attorney General's office in seeking assistance on criminal appeals to the Supreme Court of Indiana since the latter would have no authority to appear before that court absent this statute. The Prosecuting Attorney contends that it is his constitutional duty to make a good faith effort to bring the accused before the court for trial, and it is his duty to determine when to commence and when to discontinue any particular prosecution; *Halladay* v. *State* (1923), 66 Mont. 111, 212 P. 861. He further contends that it is his duty to conduct all prosecutions, and that this duty is not complete until the defendant has been convicted, sentenced and the judgment has become final; citing: *Bradley* v. *United States* (1972), 410 U.S. 605, 93 S. Ct. 1151, 35 L. Ed. 2d 528; *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N.E.2d 601.

Thus, the Prosecuting Attorney contends, whether a prosecutor follows his case into another county, as in *State ex rel. Neeriemer* v. *Daviess C. C., etc. et al.* (1957), 236 Ind. 624, 142 N.E.2d 626, or whether he preserves his right to prosecute a case by appealing an adverse ruling on a motion to quash pursuant to IC 1971, 35-1-47-2, Ind. Ann. Stat. § 9-2304 (Burns 1956), the Prosecuting Attorney is engaged in his common law and statutory duty of conducting a prosecution. The Prosecuting Attorney further contends that where he has initiated an appeal, the Attorney General may request leave of this court to join the Prosecuting Attorney as counsel for the appellant, but he may not oust the Prosecuting Attorney as such counsel.

In response, the Attorney General contends that the courts of Indiana have long recognized the exclusive appellate responsibilities of the Attorney General in criminal cases:

> "The *Attorney General* is, alone, authorized by law to prosecute and defend criminal or state prosecutions in this [Supreme] court." *Stewart* v. *The State* (1865), 24 Ind. 142, at 144.

"The statute makes it the imperative duty of the attorney-general to represent the State in the supreme court in all criminal cases, and while the services of the prosecuting attorney may be and generally are accepted by the attorney-general, in behalf of the State, in such appeals, still the latter officer has the exclusive control and management of the case upon appeal." *The State ex rel. Board of Commissioners, etc.* v. *Jamison, Auditor* (1895), 142 Ind. 679, at 684, 42 N.E. 350, at 351.

"When an appeal in a criminal cause, whether taken by the State or by the defendant, reaches this court, it then, under the law, becomes the imperative duty of the Attorney-General to represent the State therein." *State* v. *Sopher* (1901), 157 Ind. 360, at 362, 61 N.E. 785, at 786.

"It is true that in a criminal cause, when an appeal taken either by the State or the defendant has once reached the appellate tribunal, then, so far as the State is concerned, the case passes under the control of the Attorney-General, and by virtue of the statute he becomes the exclusive representative of the State therein." *State* v. *Sutherlin* (1905), 165 Ind. 339, at 345, 75 N.E. 624, at 644.

"He [the Attorney General] is required to appear in all criminal proceedings in the Supreme Court." *State ex rel. Powers* v. *Vigo C. C., Criss, J., et al.* (1957), 236 Ind. 408, at 412, 140 N.E.2d 497, at 499.

The Attorney General does not dispute the contention of the Prosecuting Attorney that his office is of constitutional origin while that of the Attorney General is statutory. However, he points out that in Indiana the authority rests with the Legislature to define the duties of both offices and that this statutory definition of their respective duties is conclusive. *State ex rel.* v. *Home Brewing Co.* (1914), 182 Ind. 75, 105 N.E. 909. The Legislature has defined the duties of these administrative officers in the statute which outlines the duties of the Attorney General (§ 49-1902, *supra*), and the statute which speaks to the duties of Prosecuting Attorneys (§ 49-2504, *supra*). The Attorney General contends that the fact that under common law a Prosecuting Attorney could represent the State in criminal appeals before the Supreme Court is now irrelevant because the Legislature

has spoken on the matter in the intervening years and has expressly given that function exclusively to him.

Lastly, the Attorney General contends that *State ex rel. Neeriemer* v. *Daviess C. C., etc. et al., supra,* cited by the Prosecuting Attorney, which charges the Prosecuting Attorney with the duty to follow the case to its ultimate termination, does not give him the right to prosecute an appeal. *Neeriemer* dealt with the limited question of whether a Prosecuting Attorney was required to remain in a case which he had initiated until the trial court entered a judgment and did not consider his appellate powers.

The issue here is centered around the interpretation of the two statutes which define the respective duties of the Attorney General and the Prosecuting Attorney. The fact that the latter was created by the Constitution of Indiana, while the former was created by statute, has no bearing upon their respective duties since their limits of authority have been outlined by statutory enactments. Neither statute specifically addresses itself to the area of criminal appeals, although § 49-1902, *supra,* provides that the Attorney General "shall *represent* the state in all criminal cases in the Supreme Court." (Emphasis supplied.) With the assumption of criminal jurisdiction in 1972 by the Court of Appeals, the same principles heretofore applicable to the Supreme Court are equally binding upon the Court of Appeals, the Prosecuting Attorneys and the Attorney General. To determine whether the word "represent" carries with it the meaning imputed to it by the Attorney General (that he alone has the authority to prosecute criminal appeals) or by the Prosecuting Attorney (that his authority to appeal criminal cases is not precluded by the Attorney General's authority to join him as counsel for appellant-State), it is necessary to examine similar statutes in different States and the resulting case law interpreting those statutes.

While there are no State statutes worded identically with

§ 49-1902, *supra,* which provides that the "attorney-general shall prosecute and defend all suits that may be instituted by or against the state of Indiana, * * * and he shall represent the state in all criminal cases in the Supreme Court", many of the States have statutes which have wording similar to that of Indiana and therefore provide a basis for comparison.

The Illinois statute defines the duties of the Attorney General which includes his duty "to appear for and represent the people of the state before the supreme court * * * in all cases in which the state or the people of the state are interested." Ill. Rev. Stat., ch. 14, § 4 (1963).

Interpreting this statute, the Supreme Court of Illinois has held that because the duties of the Prosecuting Attorney and the Attorney General are set out by statute, the powers of the former are *not* coextensive with those of the latter, and the duty of the Prosecuting Attorney is limited to commencing and prosecuting cases before their respective county courts, leaving to the Attorney General the duty to prosecute all appeals from those county courts. *People* v. *Newcomer* (1918), 284 Ill. 315, 120 N.E. 244.

The Kansas statute directs that the "attorney general shall appear for the state, and prosecute and defend all actions and proceedings, civil or criminal in the supreme court, in which the state shall be an interested party." Kan. Stat. Ann. § 75-702 (1969). This statute has been interpreted to mean that the Attorney General alone has the authority to represent the State in a criminal appeal. *Heinz* v. *Shawnee County Comm'rs.* (1932), 136 Kan. 104, 12 P. 2d 816.

The South Dakota statute is identical to the Kansas statute, directing the Attorney General "[t]o appear for the state and prosecute and defend all actions and proceedings, civil or criminal, in the Supreme Court, in which the state shall be interested as a party * * *." S. D. Compiled Laws Ann. § 1-11-1 (1967). The Supreme Court of South Dakota has interpreted this statute to mean that State's attorney may

take an appeal from a county Circuit Court to the Supreme Court, but it is the duty of the Attorney General to take charge after the appeal is taken. *State ex rel. Callahan* v. *Hughes* (1925), 48 S. D. 95, 202 N.W. 285. This statute does not necessarily prevent State's attorney from taking an appeal, the court has held, but does require that the Attorney General prosecute the appeal after it is taken and it is his sole right to prosecute that appeal. *State* v. *McDonald* (1925), 48 S. D. 167, 203 N.W. 311.

The Oklahoma statute is also similarly worded, directing the Attorney General to "appear for the State and prosecute and defend all actions and proceedings, civil or criminal, in the Supreme Court and Criminal Court of Appeals." Okla. Stat. Ann. Title 74, 18b (1970). Accordingly, the Criminal Court of Appeals of Oklahoma has held that "[t]he county attorney is not a legal representative of the state in this court * * *," *Hinman* v. *State* (1923), 23 Okla. Cr. 241, at 242, 214 P. 197, at 198, and that where the State prosecutes the case, it is the duty of the Attorney General to handle the case on Appeal, *Mathis* v. *City of Tulsa* (1953), 91 Okla. Cr. 317, 262 P. 2d 710. The court further held that it is the duty of the Attorney General alone to represent the State in all actions in the Criminal Court of Appeals. *Board of Comm'rs. of Comanche County* v. *Fain* (1917), 66 Okla. 13, 166 P. 896.

The Minnesota statute reads as follows: "The attorney general shall appear for the state in all causes in the Supreme and federal courts wherein the state is directly interested * * *." Minn. Stat. Ann. § 8.01 (1966). The Supreme Court of Minnesota has held the Attorney General's power to be completely independent of the County Attorney, *State* v. *Robinson* (1907), 101 Minn. 277, 112 N. W. 269, with authority to take any and all appeals to the Supreme Court in any criminal action instituted by a County Attorney. *State ex rel. Goff* v. *O'Neil* (1939), 205 Minn. 366, 286 N. W. 316.

The California statute directs the Attorney General to "attend the Supreme Court and prosecute or defend all causes to which the State * * * is a party * * *." Cal. Gov't Code § 12512 (West 1971). The Supreme Court of California held that this statute authorizes only the Attorney General to appear for the people before the Supreme Court. *People ex rel. Livingstone* v. *Pacheco* (1865), 29 Cal. 210.

The Montana statute is worded identically to that of California, directing the Attorney General to "attend the supreme court and prosecute or defend all causes to which the state * * * is a party * * *." Mont. Rev. Codes Ann. § 82-401 (1966). In interpreting this statute, the Supreme Court of Montana held that the powers and duties of a prosecutor cease after a criminal case has been appealed to it, and the exclusive duties of the Attorney General begin. *Independent Publishing Co.* v. *Lewis and Clarke County* (1904), 30 Mont. 83, 75 P. 860.

The Mississippi statute is similarly worded: "The attorney-general shall attend the Supreme Court * * * and prosecute and defend therein all causes to which the state * * * is a party." Miss. Code Ann. § 3836 (1957). The Supreme Court of Mississippi has subsequently held that the district attorneys have no authority to represent the State in litigation outside of their counties. *Capitol Stages* v. *State* (1930), 157 Miss. 576, 128 So. 759; *Kennington-Saenger Theatres* v. *State* (1944), 196 Miss. 841, 18 So. 2d 483.

The foregoing statutes directed the Attorney General to "appear before" or "attend to" the respective State Supreme Courts. The following State statutes are somewhat more specific as to his duties since they direct the Attorney General to "prosecute and defend." However, the interpreting case law is enlightening as to the extent of the Attorney General's authority to appeal criminal cases before the respective State Supreme Courts.

The New Mexico statute in effect in 1950 reads as follows:

"It shall be the duty of the attorney general * * * to prosecute and defend all causes in the Supreme Court in which the state is a party or interested." New Mexico Stat. § 3-302 (1941).[1] The Supreme Court of New Mexico in interpreting that statute held that the District Attorney may appear on appeal in a criminal case *only* by the permission of the Attorney General and in association with him. *State* v. *Aragon* (1950), 55 N. M. 421, 234 P. 2d 356.

The Iowa statute is identical to the former New Mexico statute, and directs the Attorney General to "prosecute and defend all causes in the supreme court in which the state is a party or interested." Iowa Code Ann. § 13.2 (1967). The Supreme Court of Iowa has interpreted this statute to mean that a criminal cause is under the control of the District Attorney until the Supreme Court acquires jurisdiction, when it comes under the sole control of the Attorney General. *State* v. *Fleming* (1862), 13 Ia. 443; *State* v. *Gill* (1966), 259 Iowa 142, 143 N.E.2d 331.

The Michigan statute reads as follows: "The attorney general shall prosecute and defend all actions in the supreme court, in which the state shall be interested, or a party." Mich. Stat. Ann. § 3.181 (1968). The Supreme Court of Michigan has held that management of criminal appeals in the Supreme Court remains under the sole control of the Attorney General and he alone is the proper representative of the State in proceedings before the court where the State is a party; no Prosecuting Attorney may appear without the consent or approval of the Attorney General in a criminal appeals case. *People* v. *Navarre* (1870), 22 Mich. 1; *Babcock* v. *Hanselman* (1855), 56 Mich. 27, 22 N. W. 99; *People* v. *Swift* (1886), 59 Mich. 529, 26 N. W. 694; *People* v. *Bussy* (1890), 80 Mich. 501, 45 N. W. 594; *People* v. *Consumer's Power Co.* (1936), 275 Mich. 86, 265 N. W. 785.

---

1. Section 3-302 (1941) was re-numbered in 1953 and is now cited as N.M.. Stat., § 4-3-2 (1966).

Of the eleven States examined, not a single State permits the county Prosecuting Attorney to take an appeal from the trial court in a criminal case to the State Supreme Court on his own initiative. Either the Attorney General alone is authorized to prosecute such appeals, or the Prosecuting Attorneys with the consent of, and in conjunction with, the Attorney General have the right to appeal criminal cases from the county Circuit Court.

Nine of the statutes set forth above authorize the Attorney General to appear before, or attend to, the State Supreme Court.

The words "represent", "appear" or "attend" as used in relation to a legal cause of action are synonymous and carry the same connotation. Thus, there is no substantive difference between the Indiana statute which authorizes the Attorney General to represent the State in all criminal cases, and the other State statutes which authorize their respective Attorneys General to appear before the State in criminal causes or to attend to the court in criminal cases. There is no reason why this court should not adopt the holdings of the case law in these several States interpreting statutes similar to the Indiana statute here involved.

Prosecuting Attorney's contention that his is a constitutional office while that of Attorney General is of statutory origin is not questioned by the latter. However, the contention that the statute setting forth the duties of the Attorney General may not unconstitutionally limit the office of Prosecuting Attorney and must, therefore, be strictly construed, does not necessarily follow. While the office of Prosecuting Attorney may have been created by the Constitution of Indiana, the rights and duties of that office are prescribed by statute. Our Supreme Court has held that any office created by the Constitution, but which had its duties set out by statute, is not immune from further legislative en-

actments which might increase or diminish the duties of that office. *State ex rel. Hench* v. *Morrison* (1878), 64 Ind. 141. The Legislature has made no attempt to change or abolish the constitutional office of the Prosecuting Attorney in violation of the constitutional provisions. *State ex rel. Hamilton* v. *Troy* (1937), 190 Wash. 483, 68 P. 2d 413. The Attorney General is not attempting to interfere with the Prosecuting Attorney's authority within his own jurisdiction to initiate or prosecute criminal actions. The fact that both officers have their respective duties set out by statute means that the Prosecuting Attorney has only such power as is enumerated within the four corners of the statutory enactment defining his duties, and he has no residual common law rights or powers. *Adams* v. *State* (1947), 202 Miss. 68, 30 So. 2d 593. Where the Legislature has enumerated the powers incident to any given office and the Constitution is silent as to the duties of that office, the Legislature's enactment is final and supersedes any residual authority that office may have had at common law. *Morss* v. *Forbes* (1927), 24 N. J. 341, 132 A. 2d 1; *Kennington-Saenger Theatres* v. *State, supra; Gibson* v. *Kay* (1914), 68 Or. 589, 137 P. 864.

Having examined the syntactically similar statutes of the various States, the interpretive case law in these States, and the Indiana cases which speak to the matter here at issue, the motion of the Attorney General to dismiss should be sustained on the grounds that the Prosecuting Attorney of Vermillion County has no authority alone to appeal these criminal cases to this court.

The motion to dismiss filed herein is sustained.

Appeals dismissed.

Buchanan, P. J. and Staton, J., concur.

NOTE.—Reported at 302 N.E.2d 528.