THE STATE, EX REL. HENCH, *v.* MORRISON.

PROSECUTING ATTORNEYS OF CIRCUIT COURTS.—*Duties of are Statutory.—Constitutional Law.*—The duties of the prosecuting attorneys of the circuit courts of this State are prescribed by statute, and not by the constitution.

SAME.—*Power of Legislature.*—The Legislature has the right to increase or diminish the duties of such prosecuting attorneys, or to divide them with the prosecuting attorneys of other courts.

SAME.—*Act Abolishing Common Pleas Courts.*—By the act abolishing common pleas courts, the duty of the prosecuting attorneys of those courts to prosecute criminal cases before justices of the peace was transferred to and imposed upon the prosecuting attorneys of the circuit courts.

SAME.—*Criminal Circuit Prosecuting Attorney.—Prosecution of Criminal Cases before Justices.—Fees and Salaries.*—In all counties where criminal circuit courts have been established, the prosecuting attorneys of those courts have the exclusive right to prosecute criminal cases before justices of the peace, and to collect the docket fees assessed in such cases. But, where there is no criminal circuit court, such right belongs to the prosecuting attorneys of the proper circuit courts.

From the Allen Superior Court.

*J. M. Coombs, J. Morris, R. C. Bell* and *S. M. Hench,* for appellant.

*A. Zollars, F. T. Zollars* and *J. F. Morrison,* for appellee.

PERKINS, J.—Samuel M. Hench is the prosecuting attorney of the Twentieth Judicial Circuit of the State of Indiana, which is constituted of the Criminal Circuit Court of the county of Allen, in said State. James F. Morrison is the prosecuting attorney of the Thirty-Eighth Judicial Circuit in said State, which consists of the county of Allen. And the question presented for decision, in this case, is, which of said prosecuting attorneys has the right to prosecute criminal causes before justices of the peace in the said county of Allen?

The constitution of the State contains this section:

"There shall be elected, in each judicial circuit, by the voters thereof, a prosecuting attorney, who shall hold his office for two years." Art. 7, sec. 11.

The constitution, then, while it creates the office of prosecuting attorney, and fixes the length of its term, assigns to it no duties. For these it is entirely dependent upon legislative action. This may be noticed as a starting-point.

Formerly, the duties imposed upon circuit prosecutors were the prosecution of felonies in the circuit courts and the prosecution or defence of divers civil cases of a public character, such as defending divorce suits, prosecuting bastardy cases, recovery of escheats, informations in the nature of *quo warranto,* suits on behalf of counties and in relation to trust funds, in reference to insurance companies, and in relation to other matters that might be mentioned. 1 R. S. 1876, p. 589, sec. 28; 2 R. S. 1876, p. 416, sec. 4; 2 R. S. 1876, p. 299, sec. 750; 2 R. S. 1876, p. 301, sec. 761; 2 R. S. 1876, p. 332, sec. 26; 2 R. S. 1876, p. 661, sec. 21.

They are still charged with those duties, or at least many of them.

When the statute creating the common pleas courts was enacted, the duty of prosecuting criminal causes in those courts, and in justices' courts, was imposed upon district prosecuting attorneys. Those duties were taken from the constitutional prosecuting attorneys. Bicknell Criminal Practice, 74.

Subsequently a court, inferior to the constitutional circuit courts, was created in certain counties, severally, in the State, called a criminal circuit court of such county. Those courts were created by constitutional laws. *Clem* v. *The State*, 33 Ind. 418, and cases cited.

In *Cropsey* v. *Henderson*, 63 Ind. 268, it is said: " That the law creating the court " (the criminal court of Marion county) " is valid, as establishing a court inferior to the constitutional circuit court, was established in the case of *Clem* v. *The State*, 33 Ind. 418.

" That case has been since followed. It seems to us to follow, that the prosecuting attorney of that court is the prosecuting attorney of an inferior court, and not the prosecuting attorney provided for by the constitution."

It thus appears, that prosecuting attorneys, in this State, have only such duties to perform as are imposed upon them by statute, and that it has been the legislative practice to increase and diminish those duties at will. It is plain that the Legislature had the constitutional right to divide the duties relative to the prosecution of crimes between these prosecuting attorneys, as it deemed expedient. We look, then, to the statute to ascertain on which officer they are imposed in the different courts.

The act creating the Allen Criminal Circuit Court provides, that the judge and prosecuting attorney, clerk and sheriff shall receive the same salary and fees allowed by law to the judge, prosecuting attorney, clerk and sheriff of the

circuit court; that is, the constitutional circuit court. 1 R.
S. 1876, p. 393, sec. 1.

In the fee and salary act, in the same volume, on page
475, sec. 23½, it is enacted, that:

"The circuit and criminal circuit prosecuting attorney's
fees shall be as follows, to wit:

"For docket fee on plea of guilty in felony,........... $7.00
"Docket fee on plea of misdemeanor,..................... 5.00
"Docket fee before a justice of the peace, on a plea
        of guilty, or on conviction,....................... 5.00 "

By these statutory provisions, the criminal court prose-
cutor is to receive the same fees, in cases before justices of
the peace, as the constitutional circuit court prosecutor.
Both can not receive them in the same case. The only rea-
sonable construction, therefore, as it seems to us, that can
be put upon these statutory provisions, is, that each prose-
cutor receives them in the cases in which he is the legal
prosecutor.    This leads, necessarily, to the inquiry:    In
which courts is each the legal prosecutor? Let us look, for
a moment, at the real state of the case:

The State was divided into judicial circuits, each com-
posed of several counties, in which there was a constitu-
tional prosecuting attorney.    In each of several of these
counties there was created a criminal court, inferior to the
constitutional circuit court, in which jurisdiction to punish
all crimes then punishable in constitutional circuit courts
was expressly vested, and having a prosecuting attorney,
separate from the constitutional prosecuting attorney, to
prosecute for crimes within the jurisdiction of such infe-
rior criminal courts.    1 R. S. 1876, p. 391, *et seq.*    But the
constitutional prosecuting attorney after the abolition of
the office of district attorney with the abolition of the
court of common pleas, had the right to prosecute criminal
cases before justices of the peace, and receive a docket fee
in cases of convictions.    2 R. S. 1876, p. 415.

The acts creating the criminal circuit courts, as we have

The State, *ex rel.* Hench, *v.* Morrison.

said, expressly transferred to those courts jurisdiction of all criminal cases theretofore punishable in the constitutional circuit courts and the courts of common pleas, and the right to prosecute those cases to the prosecuting attorneys of those courts, but did not expressly give the prosecutors of those courts the right to prosecute cases before justices of the peace. But it was decided in *Wachstetter* v. *The State*, 42 Ind. 166, that the criminal circuit courts had jurisdiction, on appeal, of criminal cases prosecuted before justices.

A statute of December 20th, 1865, provided, that, " in case there be a criminal circuit court in such county, the appeal shall be taken to it within thirty days on entering into a recognizance," etc., 2 R. S. 1876, p. 670, sec. 10 ; and, as we have seen above, the fee and salary bill provides that the prosecutor of the criminal circuit court is entitled to the docket fees in cases prosecuted before justices, which, by implication, authorizes him to prosecute such cases.

It is in accordance with the fitness of things, and clearly with the intention of the Legislature, that the criminal prosecuting attorneys, severally, shall have the exclusive right to prosecute the criminal cases in all the courts in his county having jurisdiction thereof; and we hold that he has.

We construe the provisions of the fee and salary statute as enacting that, in counties where there is a criminal court and prosecuting attorney, such prosecuting attorney is entitled to prosecute before justices of the peace, and receive the incidental docket fee; and, in counties where there is no criminal court and prosecuting attorney, the constitutional prosecuting attorney of the constitutional circuit court may thus prosecute and receive the fees. This makes the criminal system, for the administration of the criminal law, the more symmetrical.

Judgment reversed, with costs, and cause remanded; right to be given to relator.