## HALL v. STATE OF INDIANA.

[No. 22,152. Filed November 1, 1912.]

1. CRIMINAL LAW.—*Abatement of Action.*—*Indictment for Same
Offense Pending in Another Court.*—An indictment pending for
the same offense in another court, having jurisdiction to determine the cause, constitutes no ground for the abatement of a
criminal action. p. 451.

2. CRIMINAL LAW.—*Abatement of Action.*—*Failure of Grand Jury
to Indict One Held on Affidavit.*—Where defendant was charged
with felony by affidavit filed before a city mayor, and while the
matter was pending in the mayor's court, the grand jury con-

vened and adjourned without returning an indictment against
him for the offense, such facts constitute nó cause for abating the
prosecution on an affidavit subsequently filed in the circuit court.
p. 451.

3. CRIMINAL LAW.—Appeal.—Harmless Error.—Sustaining Defect-
ive Demurrer to Bad Plea.—Where the facts alleged in a plea in
abatement were insufficient, sustaining'a defective demurrer there-
to was harmless.  p. 451.

4. CRIMINAL LAW.—Prosecution by Affidavit.—Sufficiency of Af-.
fidavit.—Title of Court.—Under §2062 Burns 1908, Acts 1905 p.
584, §191, providing that the affidavit is sufficient if it can be
understood therefrom that it was presented by the prosecuting
attorney of the circuit in which the court was held, that the de-
fendant is named or described as a person whose name is un-
known to the prosecuting witness and that an offense is charged in
plain and concise language to have been committed within the
jurisdiction of the court, and is charged with such degree of cer-
tainty that the court may pronounce judgment on a conviction
according to the right of the case, an affidavit charging perjury
was sufficient as against a motion to quash, although it neither
contained a title, nor specified the court in which it was filed, and
did not contain the names of the parties.  p. 451

5. PERJURY.—Affidavit.—Sufficiency.—Allegation as to Qualification
of Notary by Whom Oath Was Administered.—An affidavit charg-
ing that defendant committed perjury by making a false affidavit
in support of a motion for a new trial, and alleging that such
false affidavit was sworn to by defendant before a named person,
described as "a notary public in and for said county, being duly
commissioned as such notary public according to law, and having
lawful authority to administer such oath," was not subject to a
motion to quash on the ground that it does not charge that the
notary ever qualified as a notary public and that he had author-
ity to administer the oath.  p. 451.

6. CRIMINAL LAW.—Appeal.—Record.—Bill of Exceptions.—Assign-
ment of Errors.—Instructions.—Error assigned in giving or refus-
ing to give certain instructions in a criminal cause, presents no
question on appeal, where they are not in the record by a proper
bill of exceptions.  p. 452.

7. CRIMINAL LAW.—Appeal.—Evidence.—Failure to Object in Trial
Court.—Where, in the trial of a criminal cause, facts that, the
state should have proved by the court records, were proved by
parol testimony without objection, defendant cannot have the
case reversed by making the objection after a verdict against him.
p. 452.

8. PERJURY.—Appeal.—Review.—Sufficiency of Evidence.—Where
defendant was charged with perjury in swearing to a false affi-

davit, the evidence supports a verdict of guilty where it was sufficient to warrant the jury in believing that defendant intended to swear to the statement set out in the affidavit and that he understood what it contained when he signed it.   p. 453.

From Knox Circuit Court, *B. M. Willoughby*, Judge.

Prosecution by the State of Indiana against Will Hall. From a judgment of conviction, the defendant appeals. *Affirmed.*

*W. S. Cullop, John Downey* and *S. M. Emison*, for appellant.

*Thomas M. Honan*, Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough*, for the State.

Morris, J.—Appellant was convicted by a jury on an affidavit charging him with perjury.   A plea in abatement was filed, to which a demurrer was sustained, and this action of the trial court is assigned as error.

The ground of demurrer was "that the facts stated in said plea   *   *   *   are not sufficient in law to constitute a defense to said action."   It is conceded by the Attorney-General that the demurrer was insufficient in form, but he contends that there was no harmful error, for the reason that the plea did not state facts sufficient to abate the action. In the plea it is alleged that the affidavit was filed in the Knox Circuit Court on May 31, 1911, alleging therein that the crime charged was committed February 8, 1911; that afterwards, on April 10, 1911, the grand jury of Knox county convened, and was in session for ten days, and failed to indict appellant, and that while the grand jury was in session affiant was under arrest on an affidavit filed before the mayor of Vincennes, on the identical charge, and was released on a bond for $1,000 for his appearance before the mayor for a preliminary hearing.

An indictment pending for the same offense in another court constitutes no ground for the abatement of a criminal action, even where such other court has jurisdiction to

determine the cause. *Dutton* v. *State* (1854), 5 Ind.

1. 533; *Peters* v. *Koepke* (1901), 156 Ind. 35, 39, 59 N. E. 33, and cases cited.

Here, the jurisdiction of the mayor was only that

2. of a justice of the peace, which, on a charge of felony, is limited to binding defendant to appear at the next term of the criminal court or the circuit court. §§1940, 8842 Burns 1908, Acts 1905 p. 584, §72, Acts 1905 p. 219, §216.

The fact that the grand jury which convened in April, 1911, failed to indict appellant, constituted no ground for abating the action. *State* v. *Roberts* (1906), 166 Ind.

3. 585, 77 N. E. 1093; §1989 Burns 1908, Acts 1905 p. 584, §118. The facts alleged in the plea were insufficient, and sustaining a defective demurrer to the plea did not harm appellant. *Goldsmith* v. *Chipps* (1900), 154 Ind. 28, 55 N. E. 855.

Appellant filed a motion to quash the affidavit, which was overruled. He claims the motion should have been sustained, because the affidavit does not contain any title,

4. nor specify the court in which the affidavit was filed, and does not contain the names of the parties. Without commending the affidavit as a model, we deem it sufficient, against the above objections, under §2062 Burns 1908, Acts 1905 p. 584, §191, to repel a motion to quash. The affidavit charges that appellant committed the offense in an affidavit in support of a motion for a new trial

5. in a cause pending in the Knox Circuit Court against one Dollihan, which latter affidavit was sworn to by appellant before A. Lincoln Harbison, a notary public. Appellant contends that the motion to quash should have been sustained, because the affidavit does not charge that said Harbison ever qualified as a notary public, and does not charge that the notary had authority to administer the oath to appellant. The affidavit charges that the false affidavit was sworn to "before A. Lincoln Harbison, a notary public, in and for said county, being duly commissioned as

such notary public according to law, and having lawful authority to administer such oath." The court did not err in overruling the motion to quash. The affidavit was sufficient to withstand the objections urged against it. §2055 Burns 1908, Acts 1905 p. 584, §184; State v. Hopper (1892), 133 Ind. 460, 32 N. E. 878; Gillett, Crim. Law §688.

Error is assigned on the action of the trial court in giving and refusing to give certain instructions to the jury. No question is presented here on the instructions, because the latter are not in the record by a proper bill of exceptions. Donovan v. State (1908), 170 Ind. 123, 83 N. E. 744; Carr v. State (1911), 175 Ind. 241, 243, 93 N. E. 1071, 32 L. R. A. (N. S.) 1190.

The affidavit charged appellant with committing perjury by making a false affidavit in support of a motion for a new trial in the case of the "State of Indiana v. Isaac Dollihan, in the Knox Circuit court, which was a criminal case, wherein the defendant was charged with petit larceny, tried and found guilty." Appellant here claims that his conviction cannot be sustained, because neither the record nor an authenticated copy thereof was introduced in evidence to show that the above-mentioned case was pending, that it was tried, and that it resulted in a finding of guilty by the jury. The Attorney-General asserts that inasmuch as these facts were proved by parol testimony, without objection on the part of appellant, it cannot now be rightfully urged that this was not the best evidence.

In Graves v. State (1889), 121 Ind. 357, 23 N. E. 155, this court said: "The rule declared by our own and other courts is, that where evidence which is objectionable is permitted to go to the jury without objection, and it is such as will prove a fact, a verdict founded on it will be sustained."

In Compton v. Ivey (1877), 59 Ind. 352, it was held that title to real estate may be proved by parol, when the evidence is not objected to.

In this case, the State proved, by parol testimony, facts

that should have been shown by the court records, but appellant having failed to object to the medium of proof at the time cannot have the case reversed by making such objection after he finds the verdict to be against him. *Graves* v. *State, supra,* and cases cited; *Stockwell* v. *State, ex rel.* (1885), 101 Ind. 1; *Elrod* v. *State* (1880), 72 Ind. 292; *Cross* v. *People* (1868), 47 Ill. 152, 95 Am. Dec. 474; *Barnes* v. *State* (1897), 8 Ohio Dec. 153.

Appellant finally contends that the evidence is not sufficient to sustain the verdict, because, he alleges, his affidavit contains statements different from those which he intended to make, and he did not know it contained these statements, because it was not read to him, and he could not read it himself. There was sufficient evidence to warrant the jury in believing that appellant intended to swear to the statements set out in the affidavit, and that he understood what the affidavit contained when he signed it. The evidence supports the verdict. There is no error. Judgment affirmed.

NOTE.—Reported in 99 N. E. 732. See, also, under (1) 12 Cyc. 360; (3) 12 Cyc. 914; (4) 12 Cyc. 292, 295; (5) 30 Cyc. 1430; (6) 12 Cyc. 846, 847; (7) 12 Cyc. 812; (8) 30 Cyc. 1448, 1449. As to indictments for perjury, see 124 Am. St. 654.