STATE EX REL. DOLL, TRUSTEE, ETC. ET AL. *v.* FULTON CIRCUIT COURT, RAKESTRAW, JUDGE.

[No. 29,824. Filed October 26, 1960. Rehearing denied December 6, 1960.]

*Horner, McDowell & Gast,* of Winamac, *Donald E. Bowen* and *Kivett, Bowen, Clancy & Kivett,* of Indianapolis, for relators.

*F. E. Rakestraw,* of Rochester, *Wilbur A. Royse,* of Indianapolis, *H. R. Staffeldt* and *Lester L. Wilson,* both of Winamac, for respondent.

PER CURIAM.—The relators, claiming to constitute the County School Corporation of Pulaski County, Indiana, have filed in this court an original action requesting a writ of prohibition and mandate against the respondent court, prohibiting it from taking any further action in a suit pending in that court by reason of the fact that it issued therein a temporary injunction enjoining, in brief, twelve township trustees, certain school townships and school officials, including the county superintendent, from paying over, delivering or placing the possession of any money and property of the school townships to and in the possession of the alleged County School Corporation pending the final determination of the main action.

The main action in the trial court in which jurisdiction is questioned was entitled an "Information" in the nature of quo warranto filed under Burns' §§3-2001, *et seq.* The action was filed by the State of Indiana on the relation of the prosecuting attorney and sought to challenge the legality of the existence of a county school corporation because of certain alleged defects in the procedure and notice in connection with its incorporation.

It is urged by the relators in this court that although the prosecuting attorney is given specific authority by statute (Burns' §3-2002) to bring actions of quo warranto by information, there is no specific authority granted the prosecuting attorney to ask for injunctive relief in connection therewith. It is pointed out that the duties of a prosecuting attorney, although he is a constitutional officer (Constitution of Indiana, Article 7, Section 11) are prescribed and limited by statute. 2 R. S. 1852, ch. 3, §4, p. 385, being §49-2504, Burns' 1951 Repl.; *The State ex rel. Hench* v. *Morrison* (1878), 64 Ind. 141; *State, ex rel.* v. *Ellis* (1916), 184 Ind. 307, 112 N. E. 98.

Burns' §3-2002, with reference to the filing of an information, provides:

> *"By whom filed.*—The information may be filed by the prosecuting attorney in the circuit court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office, franchise or corporation which is the subject of the information."

Burns' §3-2004 provides that the information shall consist of a plain statement of facts.

Burns' §3-2005 provides that if it is filed against a person or persons for usurping an office, the names of the persons rightfully entitled to the office shall be set forth. In event a judgment is rendered in favor of the relator, the statute further provides "the court shall order the defendant to deliver over all the books and papers in his custody or within his power belonging to the office from which he shall have been ousted." (Burns' §3-2008.)

Burns'· §3-2009 provides that the court may enforce the judgment by attachment and imprisonment.

Burns' §3-2011 provides for a judgment of ouster against any one acting as a corporation "without having been legally incorporated." In view of the detailed procedures and remedies afforded under the statutes enacted in this field, it is significant that no provision is made for any ancillary remedy by injunctive relief by the prosecuting attorney.

In *State ex rel. Bingham, Attorney General* v. *Home Brewing Co.* (1914), 182 Ind. 75, 105 N. E. 909 this court did not see fit to enlarge upon or extend the statutory remedy of information in the nature of quo warranto and said with reference to the statutory remedy (at p. 81):

> ". . . Such legislation provides a definite, comprehensive and sufficient method of enforcing these remedies, and especially of the remedy which the sovereign might seek to exercise against a corporation to secure a forfeiture of its franchise. This is the only statutory method in Indiana for forfeiting charters, or testing the usurpation of corporate franchises, and this statutory remedy takes the place of the common law proceeding and is exclusive in all of the particulars of remedy and procedure which it covers."

It may be that the legislature felt, as a matter of public policy, that the public business should not be disrupted or the status quo altered where a de facto condition exists. The policy of the common law is to that effect. 43 C. J. S., Injunctions, §116, p. 647; *State ex rel. McGovern et al.* v. *Gilkison, Judge* (1935), 208 Ind. 416, 196 N. E. 231; *State ex rel.* v. *Superior Court* (1925), 196 Ind. 614, 149 N. E. 174.

In this case the relator in this court points to the fact that the petitioners below and respondent here alleged in their petition in the trial court that a de facto condition existed with reference to the school corporation. In the amended "Information" the following allegation is made: "that the several Township Trustees and County Superintendent of the Schools of Pulaski County are now unlawfully performing and have unlawfully performed *all the functions* of a County School Corporation without first duly and legally organizing and incorporating as a County School Corpration." (Our italics.)

With a situation such as this confronting us, we find no law by which the prosecuting attorney may secure interlocutory *injunctive relief* upon the filing of an information in quo warranto, and as a result no authority for the court to grant such relief in connection with the statutory action of "information" invoked in this case.

We are not concerned here with a case where a private individual brings an action of quo warranto and there is also a request that the status quo be maintained pending suit.

The merits of the main action are not before us and remain to be determined on trial in the court below.

The writ heretofore issued by this court is made permanent.

Jackson, C. J., concurs in result.

Bobbitt, J., dissents.

NOTE.—Reported in 169 N. E. 2d 604.