STATE of Indiana, Plaintiff-Appellant,

v.

David G. MOUNTS, Defendant-Appellee.

No. 1–883A244.

Court of Appeals of Indiana,
First District.

Feb. 27, 1984.

Rehearing Dismissed March 30, 1984.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

George C. Barnett, Sr., Barnett & Barnett, Evansville, for defendant-appellee.

NEAL, Presiding Judge.

STATEMENT OF THE CASE

The State of Indiana appeals a decision of the Vanderburgh Circuit Court dismiss-

ing the information charging David C. Mounts with arson.

We reverse.

### STATEMENT OF THE FACTS

The record reflects that a Vanderburgh County grand jury, after an investigation of an alleged arson in which Mounts was a target defendant, returned a "no-bill" on September 1, 1982. Thereafter, on November 30, 1982, the prosecuting attorney commenced an arson prosecution on the same facts by information. The trial court dismissed the information based upon the above agreed facts. The sole issue on appeal is whether the prosecuting attorney may commence a criminal prosecution by information after a grand jury, considering the same facts, returns a "no-bill".

### DISCUSSION AND DECISION

The grand jury exists at the sufferance of the legislature. Ind. Const. art. VII, sec. 17. All criminal prosecutions may be charged by either indictment or information. IND.CODE 35–34–1–1(a). The format for the commencement of criminal proceedings, established in the Constitution of 1851, has continued little changed until the present date. Beginning with *Lankford v. State*, (1896) 144 Ind. 428, 43 N.E. 444, the Indiana Supreme Court has held that the fact that the grand jury failed to indict does not preclude the prosecuting attorney from thereafter commencing a prosecution by information. This rule was thereafter followed in *Hall v. State*, (1912) 178 Ind. 448, 99 N.E. 732; and *State v. Roberts*, (1906) 166 Ind. 585, 77 N.E. 1093.

■ Indiana's position accords with the majority rule as stated in 42 C.J.S. *Indictment and Information* Sec. 72 (1944) as follows:

"In the absence of constitutional or statutory provisions to the contrary, the acts of the grand jury with respect to the findings of an indictment, are not binding on the prosecuting attorney with respect to his filing an information, and an information may be filed, although the grand jury has investigated the case and refused or failed to find an indictment."

The same rule is recited in Annot. 120 A.L.R. 713 (1939).

Mounts supports the court's decision with *State v. Boswell*, (1885) 104 Ind. 541, 4 N.E. 675, a case which was specifically overruled on this very point by *Lankford v. State, supra*, because "... it interpolates into the statute a condition inconsistent with its plain provisions". *Lankford, supra*, at 445. He further cites cases from other jurisdictions supporting the minority rule. Mounts devotes a large amount of his argument discussing the historic function of the grand jury as guardian of the people from depredations of oppressive prosecuting attorneys. The reader is referred to *State v. Roberts, supra*, which considered those arguments and the waning eminence of the grand jury system. *See also King v. State*, (1957) 236 Ind. 268, 139 N.E.2d 547.

■ Finally, Mounts attempts to distinguish *Lankford, supra*, *Roberts, supra*, and *Hall* from *Boswell, supra*, and the instant case. In the first three cases, a difference existed in that the grand jury was either discharged without returning an indictment or it returned a different indictment. Conversely, in *Boswell* and the present case, the grand jury actually returned a "no-bill". We see no material difference in the former situation and one in which a "no-bill" was returned. A grand jury is an inquisitional and not a judicial body, *King v. State, supra*, and its acts are not res judicata. *State v. Boswell, supra*.

■ No good purpose would be served by exploring the philosophical arguments or in making an analysis of the authorities supporting the minority position. Suffice it to say that the court in *Lankford, supra*, *Hall, supra*, and *Roberts, supra*, was explicit. Though old, these cases have not been overruled or modified by the Supreme Court or the legislature, even though a number of minor modifications in the statutes permitting prosecution by indictment or information have occurred. It is a rule of statutory construction that when a stat-

**170**

ute has been construed by a court of last resort and is later re-enacted in substantially the same terms, the legislature may be deemed to have intended the same construction. *State v. Dively*, (1982) Ind.App., 431 N.E.2d 540 (trans. denied). That rule is applicable here. If the legislature had intended that the failure of a grand jury to indict precluded further prosecution, it would have said so.

For the above reasons, this cause is reversed and the trial court is ordered to reinstate the information.

Judgment reversed.

ROBERTSON and RATLIFF, JJ., concur.