David G. MOUNTS,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1185A278.

Court of Appeals of Indiana,
First District.

Feb. 18, 1986.
Rehearing Denied April 4, 1986.

George C. Barnett, Sr., Barnett & Barnett, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Donald G. Mounts appeals from the denial of his motion to dismiss the information filed against him. We affirm.

## FACTS

Mounts was the target of a grand jury investigation in July of 1982 in Vanderburgh County concerning a November 12, 1981, fire at Druckers, Inc. On September 1, 1982, the grand jury returned a "No-Bill" relative to this incident. On November 30, 1982, an information was filed charging Mounts with arson and conspir-

acy to commit arson in connection with the November 12, 1981, fire. Originally, the trial court sustained Mounts' motion to dismiss which decision was reversed by this court in *State v. Mounts* (1984), Ind.App., 460 N.E.2d 168, *trans. denied.*

Mounts filed the current motion to dismiss on September 18, 1985, contending the amendment to Indiana Code section 35–34–1–6 effective September 1, 1985, rendered the information defective. The parties stipulated that the prosecution had no new material evidence acquired since the grand jury investigation. The trial court denied Mounts' motion to dismiss and this appeal, which was properly certified and accepted as an interlocutory appeal, ensued.

## ISSUE

The sole issue presented for our decision is whether the amendment to Indiana Code section 35–34–1–6 effective September 1, 1985, required the trial court to grant Mounts' motion to dismiss.

## DISCUSSION AND DECISION

In our prior decision in this case, we clearly held that the failure of a grand jury to indict does not preclude the prosecuting attorney from thereafter prosecuting by information. *Mounts*, 460 N.E.2d at 169. In *Mounts*, Judge Neal wrote:

"Indiana's position accords with the majority rule as stated in 42 C.J.S. *Indictment and Information* Sec. 72 (1944) as follows:

'In the absence of constitutional or statutory provisions to the contrary, the acts of the grand jury with respect to the findings of an indictment, are not binding on the prosecuting attorney with respect to his filing an information, and an information may be filed, although the grand jury has investigated the case and refused or failed to find an indictment.'

The same rule is recited in Annot. 120 A.L.R. 713 (1939)." 460 N.E.2d 169.

Mounts contends the amendment to Indiana Code section 35–34–1–6, effective Sep-

tember 1, 1985, demands a different decision in this appeal. The statute provides:

"(b) An information is defective if:

(1) the defendant was a grand jury target identified under I.C. 35–34–2–12(a)(1);

(2) the offense alleged was identified on the record under I.C. 35–34–3–12(a)(2) as an offense that the defendant allegedly committed; and

(3) the grand jury proceeded to deliberate on whether to issue an indictment, and voted not to indict the defendant for the offense identified on the record under I.C. 35–34–1–12(a)(2).

However, if the prosecuting attorney shows that there is newly discovered material evidence that was not presented to the grand jury before the grand jury's failure to indict, then the information is not defective.

(c) Except as provided in section 5 of this chapter, an indictment or information or a count thereof shall be dismissed upon motion when it is defective."

Indiana Code section 35–34–1–6(b).

The quoted portion of Indiana Code section 35–34–1–6 designated as subsection (b) is the 1985 amendment. Clearly, it is a statutory provision contrary to the general rule followed in our prior decision in *Mounts*. If applicable to this case, the trial court was in error in denying Mounts' motion to dismiss. However, it is our opinion that the 1985 amendment operates prospectively only and has no application here. Consequently, the trial court's denial of the motion to dismiss was not error.

 Here, the information against Mounts was filed on November 30, 1982, thus Mounts' case is governed by the statutes and law in effect at the time. *State v. Page* (1985), Ind.App., 472 N.E.2d 1271. Indiana law at the time the information was filed permitted the filing of an information by the prosecutor after the grand jury had failed to indict. *Mounts*. Ordinarily, unless the statute indicates a legislative intent that it have retroactive application, a statute will be given only prospective application. *Davis v. State* (1984), Ind.

App., 464 N.E.2d 926. We see nothing in the 1985 amendment to Indiana Code section 35–34–1–6 indicating a legislative intent that it be given retroactive force.

 Mounts argues the amendment is one of procedure and, therefore, controls the course of this case which was pending when the amendment became effective. We cannot agree. The amendment goes much further than merely prescribing procedure. Rather, it changes substantive Indiana law concerning the right to prosecute by information following a grand jury's refusal to indict. The amendment has prospective effect only.

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.