David G. MOUNTS, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S01–8608–CR–714.

Supreme Court of Indiana.

Aug. 5, 1986.

George C. Barnett, Sr., Barnett & Barnett, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the First District Court of Appeals. The facts are not in dispute. Defendant-Appellant David G. Mounts appealed from the denial of his second motion to dismiss the information filed against him. The Court of Appeals affirmed the denial of the motion to dismiss, 489 N.E.2d 100, and Appellant petitioned for transfer to this Court. We find the second motion should have been dismissed, and, accordingly, grant transfer, reverse the trial court and vacate the opinion of the Court of Appeals.

Appellant was the target of a grand jury investigation in July, 1982, in Vanderburgh County, concerning a November 12, 1981 fire at Druckers, Inc. On September 1, 1982, the grand jury returned a "No Bill" relative to this incident. On November 30, 1982, an Information was filed charging Appellant with arson and conspiracy to commit arson in connection with the November 12, 1981 fire. At that time Appellant filed his first motion to dismiss the information on the grounds that the grand jury had failed to indict him and the prosecuting attorney therefore was precluded from prosecuting by information. The trial court granted the motion to dismiss at that time. On appeal, the Court of Appeals reversed in *State v. Mounts* (1984), Ind. App., 460 N.E.2d 168, *tr. denied* (1980), and held:

"Indiana's position accords with the majority rule as stated in 42 CJS *Indictment and Information* § 72, 1944 as follows:

'In the absence of constitutional provisions to the contrary, the acts of the grand jury with respect to the findings of an indictment, are not binding on the prosecuting attorney with respect to his filing an information, and an information may be filed, although the grand jury

has investigated the case and refused or failed to find an indictment.' "

■ Thereafter, the Indiana Legislature amended Ind. Code § 35–34–1–6, effective September 1, 1985, to provide:

"(b) An information is defective if:

(1) the defendant was a grand jury target identified under I.C. 35–34–2–12(a)(1);

(2) the offense alleged was identified on the record under I.C. 35–34–3–12(a)(2) as an offense that the defendant allegedly committed; and

(3) the grand jury proceeded to deliberate on whether to issue an indictment, and voted not to indict the defendant for the offense identified on the record under I.C. 35–34–1–12(a)(2).

However, if the prosecuting attorney shows that there is newly discovered material evidence that was not presented to the grand jury before the grand jury's failure to indict, then the information is not defective.

(c) Except as provided in section 5 of this chapter, an indictment or information or a count thereof shall be dismissed upon motion when it is defective."

On appeal of the second motion to dismiss, the Court of Appeals properly found that sub-section (b) of § 35–34–1–6 was a 1985 Amendment, and that it was a statutory provision contrary to the general rule followed in Appellant's first appeal. The Court of Appeals further found that if this provision was applicable to the instant case, the trial court would have erred in denying Appellant's motion to dismiss. We agree the issue is whether or not the amendment to the statute in question applies to the information pending against Appellant, where the alleged crime had occurred and the information had been filed before the enactment of the amendment. We hold the amendment did apply to this information and the trial court therefore erred in denying a motion to dismiss.

The Court of Appeals held that Ind. Code § 35–34–1–6(b), as amended effective September 1, 1985, could not be applied to informations filed prior to its effective date

and still pending without trial because the amended 6(b) did not change procedural law, but changed Indiana substantive law concerning the right to prosecute by information following a grand jury's refusal to indict. Appellant-Petitioner contends the prosecuting attorney's prior authority, if any, to prosecute by information after a grand jury refused to indict on the same evidence, was revoked by the enactment of the amendment.

 We first note that, although the office of Prosecuting Attorney is provided for in our Indiana Constitution, he receives his authority to act from the Legislature. *State v. Market* (1973), 158 Ind.App. 192, 202, 302 N.E.2d 528, 533. Where the Legislature has enumerated the powers incident to any given office and the Constitution is silent as to the duties of that office, the Legislature's enactment is final, and supersedes any residual authority that office may have had at common law. *Id.; State ex rel Hench v. Morrison* (1878), 64 Ind. 141, 142–143; *Adams v. State* (1947), 202 Miss. 68, 74–75, 30 S.2d 593; *Morss v. Forbes* (1927), 24 N.J. 341, 355–356, 132 A.2d 1, 16. In *Brune v. Marshall* (1976), 169 Ind.App. 637, 640, 350 N.E.2d 661, 663, *reh. denied* (1976), the Court of Appeals held: "A prosecuting attorney has only such power as is enumerated within the four corners of a statutory enactment defining his duties and he has no residual common law rights or powers."

The determination of when a general rule of law is procedural or substantive was well expressed by this Court in *State ex rel Blood, et al. v. Gibson Circuit Court* (1959), 239 Ind. 394, 157 N.E.2d 475, *reh. denied* (1959). The Court found in that case that the right to a change of judge granted by § 27–802 was a substantive right which could be conferred only by the Legislature, but that the method and time of asserting such right were matters of procedure and fell within the category of procedural rules. The Court then found that Supreme Court Rule 1–12(B), which conflicted with the statute regarding the time in which such right had to be asserted, superseded the statute in that regard. In doing so, the Court stated:

"As a general rule laws which fix duties, establish rights and responsibilities among and for persons, natural or otherwise, are substantive in character, while those which merely prescribe the manner in which such rights and responsibilities may be exercised and enforced in a court are procedural."

*Id.* 239 Ind. at 400, 157 N.E.2d at 478. *See also Isetone v. State* (1984), Ind.App., 472 N.E.2d 643 (concerning the change in a law providing for a six person jury rather than one consisting of twelve jurors).

The power to define and punish crime thus is vested in the Legislature, and when the Legislature exercises that power it enacts substantive law. But that body of law which regulates the means, methods, and modes by which one accused of crime is to be charged, convicted, and punished, is procedural. The amendment before us here does not declare any acts to be crimes, nor does it prescribe any punishment for the commission of criminal acts. It amends regulations and proceedings by which one who is accused of a crime may be put to trial. It is therefore procedural and applicable to all actions pending on, as well as after, its effective date. Appellant's motion to dismiss on those grounds, therefore, is well taken.

This cause is remanded to the trial court with direction to amend its judgment consistent with this opinion.

GIVAN, C.J., and DICKSON, J., concur.

DeBRULER, J., dissents with separate opinion.

SHEPARD, J., not participating.

DeBRULER, Justice—dissenting.

The majority has concluded that this statutory amendment prohibiting prosecution by information after a grand jury has declined to indict, is procedural rather than substantive, is applicable to this case which was pending when it became effective, and provides a legal basis for dismissal. The

First District Court of Appeals in *Mounts v. State* (1986), Ind.App., 489 N.E.2d 100, on the other hand concluded that this amendment is both procedural and substantive, is substantive wherein it restrains the right to prosecute by information following a refusal to indict, and is inapplicable to this case. I find myself in agreement with the First District.

The majority opinion relies upon the distinction made in *State ex rel Blood, et al. v. Gibson Circuit Court* (1959), 239 Ind. 394, 157 N.E.2d 475, between law which is procedural and law which is substantive, and concludes that laws governing the "method and time of asserting" a substantive right are procedural. I would agree, but *Blood* goes on in the following excerpt to instruct that a time barrier to the exercise of a substantive right, while procedural, cannot when first erected be given retroactive application so as to nullify the right.

> The record here compels us to hold that the filing of such motion to strike did not reopen the issues on the merits when it was filed on July 18, 1958. 14, 15. Hence, it must follow that the issues on the merits were closed on September 1, 1958, when Rule 1–12B, supra, became effective. Therefore, the remonstrators Cooper and Taylor were required to file their motion for a change of judge within ten days from September 1, 1958. They have not shown cause for an extension of time by reason of obtaining knowledge of the cause for change after the time, as limited by the rule, had run. Having failed to do either, their right to a change of judge was waived.

As can be seen from the above, the issues were first closed on the merits prior to July 18, 1958, and the new rule requiring the motion for change of judge to be filed ten days after the issues were first closed on the merits did not become effective until September 1, 1958. The court concludes that the party could file their motion within ten days after September 1, 1958, the effective day of the rule, although many more than ten days had expired since the issues were first closed. The case tells us what to do, but does not tell us why.

I see the bar of this amendment by reason of a past refusal to indict to be at least analogous to the time bar in *Blood*. The case therefore supports the result reached by the First District. Such severe procedural restrictions upon a legal right or responsibility should not be given Retroactive Application in the absence of clear legislative intention that such should be the case.

I would affirm the refusal of the trial court to dismiss this information.