

FILED

Dec 11 2019, 7:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Dan J. May
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the
Paternity of M.A.M.

State of Indiana by the IV-D
Prosecutor of Miami County,

*Appellant-Petitioner,*

v.

T.M.,

*Appellee-Respondent*

December 11, 2019

Court of Appeals Case No.
19A-JP-771

Appeal from the
Miami Circuit Court

The Honorable
Timothy P. Spahr, Judge

Trial Court Cause No.
52C01-1812-JP-37

**Vaidik, Chief Judge.**

# Case Summary

[1] B.S. ("Alleged Father"), a man who believes he is the father of five-year-old M.A.M. ("Child"), applied for child-support services through the Miami County Prosecutor's Office ("Prosecutor"). The Prosecutor then filed a petition seeking to establish that Alleged Father is Child's father. Child's mother, T.M. ("Mother"), moved to strike the petition, arguing that the Prosecutor is not authorized to bring such an action. The trial court agreed and granted Mother's motion to strike. The Prosecutor appeals. We reverse.

# Facts and Procedural History

[2] Child was born out of wedlock in September 2014 and, according to the pleadings, lives with Mother in Miami County. In November 2018, Alleged Father "completed an application for Title IV-D Child Support Services believing he was the father of [Child]." Appellant's App. Vol. II p. 21. "Title IV-D" is a reference to Title IV-D of the federal Social Security Act, which provides for the payment of federal money to states that provide certain services relating to child support, including assistance in establishing paternity. *See* 42 U.S.C. §§ 651-669b. In Indiana, the required services are typically provided by county prosecutors.

[3] After receiving Alleged Father's application, the Prosecutor filed a Verified Petition to Establish Paternity, naming Alleged Father as the "Petitioner." At an initial hearing held in January 2019, the trial court ordered genetic testing.

That testing established a 99.999999996% probability that Alleged Father is Child's father. Shortly thereafter, Mother, "Individually and as next friend" of Child, filed a combined motion to dismiss, motion for judgment on the pleadings, and motion for summary judgment. Appellant's App. Vol. II p. 17. Mother asserted, in part, that Alleged Father is barred from bringing the action by Indiana Code section 31-14-5-3, which provides that a man claiming to be a child's father must generally file a paternity action within two years of the child's birth.

[4] The Prosecutor filed a response to Mother's motion, acknowledging that the original petition "was erroneously filed by the State of Indiana as though the alleged father was the petitioner" and asserting that the petition "should have been filed by the State of Indiana on behalf of the child with the Miami County Prosecutor as the next friend of the minor child." *Id.* at 21. Accordingly, the Prosecutor also filed an Amended Petition to Establish Paternity ("Amended Petition"), which indicated that the Prosecutor was filing as next friend of Child.

[5] Mother moved to strike the Amended Petition, arguing that Indiana's paternity statutes do not authorize the Prosecutor to bring the action. After hearing oral argument from counsel, the trial court granted Mother's motion.

[6] The Prosecutor now appeals.

# Discussion and Decision

[7] The sole issue in this appeal is whether the Prosecutor was statutorily authorized to file the Amended Petition. Statutory interpretation is a matter of law that we review de novo. *Dobeski v. State*, 64 N.E.3d 1257, 1259 (Ind. Ct. App. 2015). If a statute is clear and unambiguous, we need not apply any rules of construction; we simply give the words and phrases their plain, ordinary, and usual meanings. *Id.* Where a statute is open to more than one interpretation, it is deemed ambiguous and subject to judicial construction, and our task is to ascertain and give effect to the legislature's intent. *Id.*

[8] Prosecuting attorneys are clearly allowed to file paternity actions. As mentioned above, Title IV-D of the federal Social Security Act requires states to provide various child-support services, including assistance in establishing paternity, in exchange for receiving certain federal funds. *See* 42 U.S.C. §§ 651-669b. To qualify Indiana for those funds, our General Assembly established a Child Support Bureau within the Department of Child Services and charged it with "the administration of Title IV-D of the federal Social Security Act." Ind. Code § 31-25-3-1. Under Indiana Code section 31-25-4-13.1, the Child Support Bureau is required to contract with a prosecuting attorney or other person or entity in each judicial circuit "to undertake activities required to be performed under Title IV-D," including "establishment of paternity" and "establishment, enforcement, and modification of child support orders[.]" Ind. Code § 31-25-4-13.1(b). In turn, Indiana's paternity statutes, found at Indiana Code article 31-14, identify "a prosecuting attorney operating under an agreement or contract

with the department described in IC 31-25-4-13.1" as one of the persons authorized to file a paternity action. Ind. Code § 31-14-4-1(7)(B).[1] The Prosecutor asserts that he is operating under such a contract in this case.

[9] Mother does not dispute that the Prosecutor is operating under such a contract, but she contends that the authority granted by Section 31-14-4-1(7)(B) is strictly limited by Indiana Code section 31-14-4-3, which provides, in relevant part, that

> a prosecuting attorney operating under an agreement or contract described in IC 31-25-4-13.1, may file a paternity action if:
>
> (1) the mother;
>
> (2) the person with whom the child resides; or
>
> (3) the [Department of Child Services];
>
> has executed an assignment of support rights under Title IV-D of the federal Social Security Act (42 U.S.C. 651 through 669).

Mother contends that this statute identifies the only circumstances in which prosecutors can file paternity actions and that because neither she nor the

---

[1] Section 31-14-4-1 also provides that "[a] child" is permitted to file a paternity action. I.C. § 31-14-4-1(5). A child, especially a young child, will generally have to file through a next friend. Here, the Amended Petition indicates that the Prosecutor is acting as Child's next friend, so an argument could be made that the Amended Petition was filed not by the Prosecutor but by Child as contemplated by subsection (5). The Prosecutor does not make that argument.

Department of Child Services has executed an assignment of support rights, the Prosecutor was not authorized to file the Amended Petition. The trial court agreed with Mother and ruled that in Section 31-14-4-3 "the General Assembly has clearly enumerated the circumstances under which 'a prosecuting attorney operating under an agreement or contract described in IC 31-25-4-13.1' may file a paternity action." Appellant's App. Vol. II p. 10. For the reasons that follow, we disagree.

[10] Most importantly, Title IV-D (42 U.S.C. §§ 651-669b) and Indiana's corresponding IV-D statutes (Indiana Code chapter 31-25-4) specifically contemplate the State filing paternity actions in circumstances beyond those set forth in Section 31-14-4-3. Section 31-14-4-3 deals with situations in which benefits have been paid out under the Temporary Assistance for Needy Families program, or "TANF," which was established by Part A of Title IV (42 U.S.C. §§ 601-619). A mother or another person with whom a child resides receives assistance under Part A and executes an assignment of support rights, and a prosecutor proceeds under Part D and Section 31-14-4-3 to establish paternity and then seeks to recoup funds from the father.

[11] However, the grant of assistance under Part A is not a prerequisite to action under Part D. The first section of Part D, 42 U.S.C. § 651, provides:

> For the purpose of enforcing the support obligations owed by noncustodial parents to their children and the spouse (or former spouse) with whom such children are living, locating noncustodial parents, establishing paternity, obtaining child and spousal support, and assuring that assistance in obtaining support

will be available under this part to all children **(whether or not eligible for assistance under a State program funded under part A)** for whom such assistance is requested, there is hereby authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this part.

(Emphasis added). Likewise, 42 U.S.C. § 654(4)(A) provides that a State plan for child and spousal support must provide that the State will

provide services relating to the establishment of paternity or the establishment, modification, or enforcement of child support obligations, as appropriate, under the plan with respect to--

(i) each child for whom (I) assistance is provided under the State program funded under part A of this subchapter . . .;

**(ii) any other child, if an individual applies for such services with respect to the child[.]**

(Emphasis added).

[12] Indiana's IV-D statutes follow suit. Indiana Code section 31-25-4-17 provides, in relevant part, that the Child Support Bureau "shall do the following":

\* \* \* \*

(3) Assist in establishing paternity for children born out of wedlock.

\* \* \* \*

(7) In any Title IV-D case, petition:

(A) a court to:

(i) establish paternity for a child born out of wedlock[.]

In turn, Indiana Code section 31-25-4-19 provides that "[a]ll services provided" under Section 31-25-4-17 must be available to individuals "other than recipients or applicants for the federal Temporary Assistance for Needy Families" upon application for the services.[2]

[13] As noted at the outset, this case began when Alleged Father applied for services as contemplated by 42 U.S.C. §§ 651 and 654 and Indiana Code sections 31-25-4-17 and 31-25-4-19. And pursuant to those statutes, the Prosecutor was required to provide those services, including assistance in establishing paternity. If Mother and the trial court were correct that Section 31-14-4-3 sets forth the only situations in which prosecutors are allowed to file paternity actions, important aspects of these other statutes would be stripped of any meaning. When interpreting statutes, we must strive to avoid an interpretation that renders any parts of the statutes meaningless or superfluous. *ESPN, Inc. v. Univ. of Notre Dame Police Dept.*, 62 N.E.3d 1192, 1199 (Ind. 2016).

---

[2] In its order, the trial court concluded that these statutes in Article 31-25 are "more general" than, and "must give way to," the "more specific statutes" in Article 31-14. Appellant's App. Vol. II p. 10. But in terms of a prosecutor's role in establishing paternity, the statutes in Article 31-25 are arguably as specific as the statutes in Article 31-14, if not more specific.

[14]     To be sure, there is tension between the statutes just discussed, which grant prosecutors very broad authority to file paternity actions, and Section 31-14-4-3, which seems to restrict that authority. But we think the legislature has established a tiebreaker. Specifically, in the first section of Indiana's paternity code, Indiana Code section 31-14-1-1, the General Assembly has explicitly stated that it "favors the public policy of establishing paternity under this article of a child born out of wedlock." To the extent that the statutes above are at odds, this express policy indicates to us that the ambiguity should be resolved in favor of allowing a paternity action to proceed. *See Dobeski*, 64 N.E.3d at 1259 ("Our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent[.]"). And if the legislature believes that the paternity action in this case is not one that should be allowed to proceed, we trust that it will amend the statutes accordingly.

[15]     We conclude by addressing three additional arguments by Mother. First, she contends that a prosecutor should not be allowed to file a paternity action at the request of an alleged father because of the legislature's 2015 repeal of Indiana Code section 31-14-4-2. *See* P.L. 206-2015 § 45. That statute required a prosecutor to file a paternity action when asked to do so by an alleged father (or by a child, the mother or expectant mother, the Department of Child Services, or the county office of family and children). If Section 31-14-4-2 had been the only statute that allowed a prosecutor to take action at the request of an alleged father, we might agree with Mother that the repeal of the statute was fatal to the Amended Petition. But Section 31-14-4-2 was not the only such statute—as just

discussed, Indiana Code sections 31-25-4-17 and 31-25-4-19 require a prosecutor to take action when an individual, such as an alleged father, applies for IV-D services with respect to a child.

[16] Second, Mother argues that it is incongruous to allow a prosecutor to file a paternity action at the request of an alleged father when, as here, the alleged father is barred by the statute of limitation from filing himself. *See* Ind. Code § 31-14-5-3(b). However, any incongruity is a direct result of the legislature's choice to exempt prosecutors from that limitation period. *See id.* ("The mother, a man alleging to be the child's father, or the department or its agents must file a paternity action not later than two (2) years after the child is born[.]"). The legislature is free to eliminate that exemption, but we are not.[3]

[17] Last, Mother asserts that she has a "constitutional right" to raise Child as she sees fit. *See* Appellee's Br. pp. 25-28. However, none of the cases she cites suggests that a mother has a constitutional right to not have the paternity of a child established. In fact, most of the cases she cites concern the involuntary **termination** of a person's parental rights, which is not at issue here.

[18] For these reasons, we conclude that the trial court erred by granting Mother's motion to strike the Amended Petition.

---

[3] Mother also cites Indiana Code section 31-14-5-9, which provides: "A man who is barred under IC 31-19 from establishing paternity may not establish paternity by: (1) filing a paternity action as next friend of a child; or (2) requesting a prosecuting attorney to file a paternity action." However, Indiana Code article 31-19 deals with adoption, and this case does not involve adoption.

Reversed.

Riley, J., dissents with separate opinion.

Bradford, J., concurs.

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the
Paternity of M.A.M.

State of Indiana by the IV-D
Prosecutor of Miami County,

*Appellant-Petitioner,*

v.

T.M.,

*Appellee-Respondent*

Court of Appeals Case No.
19A-JP-771

**Riley, Judge, dissenting.**

I respectfully dissent from the majority's decision which reverses the trial court and allows the State to pursue paternity proceedings at Alleged Father's behest, outside the two-year statute of limitations.

In its opinion, the majority greatly emphasizes the interaction between Title IV-D of the Federal Security Act and Indiana's provision of various child-support services in order to qualify for federal funding to underscore its reasoning. As expressly acknowledged by the majority, "[a] mother or another person with whom the child resides received assistance under Part A and executes an assignment of support rights, and a prosecutor proceeds under Part D and

section 31-14-4-3 to establish paternity and then seeks to recoup funds from the father." (Slip op. p. 6). Accordingly, pursuant to the majority's own reasoning, Alleged Father cannot execute an assignment of support rights under Part A as the Child never resided with him and consequently the State cannot commence paternity proceedings under Part D. Nevertheless, the majority then continues and notes that "the grant of assistance under Part A is not a prerequisite to action under Part D." (Slip op. p. 6). As such, the majority points to 42 U.S.C. § 654(a)(A), which provides that the State may create a State plan for child and spousal support. However, the majority conveniently ignores the section's opining preamble which states that the State can provide "services relating to the establishment of paternity or the establishment, modification, or enforcement of child support obligations, **as appropriate**, under the plan [.]" (Slip Op. 7). Indiana defined the parameters of this appropriateness through its paternity statute and my reading of Indiana's paternity statute indicates that the Legislature did not find it appropriate for the State to represent the Alleged Father in certain paternity proceedings.

[22] As pointed out by the majority, the Indiana General Assembly has specifically stated that it "favors the public policy of establishing paternity under [Indiana Code article 31-14] of a child born out of wedlock." I.C. § 31-14-1-1. The ultimate goal of allowing paternity suits "is to promote the welfare of the child." *Paternity of I.I.P. v. Rodgers*, 92 N.E.3d 1158, 1160 (Ind. Ct. App. 2018). Unlike the majority, I consider this seemingly endless objective of establishing paternity to be procedurally limited by our Code.

[23] Pursuant to Indiana Code section 31-14-4-1, a paternity action may be filed by,

> (1) The mother or expectant mother.
> (2) A man alleging that:
>     (A) He is the child's biological father; or
>     (B) He is the expectant father of an unborn child.
> (3) The mother and a man alleging that he is her child's biological father, filing jointly.
> (4) The expectant mother and a man alleging that he is the biological father of her unborn child, filing jointly.
> (5) A child.
> (6) If paternity of a child has not been established, the department by filing an action under this article for a child who is the subject of a child in need of services proceeding.
> (7) If the paternity of a child has not been established:
>     (A) The department; or
>     (B) A prosecuting attorney operating under an agreement or contract with the department described in [I.C. §] 31-25-4-13.1.

Yet, although different parties are permitted to establish paternity, the filing of a paternity action—as opposed to an application for child support services through the Child Support Bureau pursuant to I.C. Ch. 31-25-4—is further subject to certain statutory limitations. A child is permitted to file a paternity petition "at any time before the child reaches twenty (20) years of age," and a child who is incompetent—*i.e.*, competency based on age—"may file a petition through the person's guardian, guardian ad litem, or next friend." I.C. §31-14-5-2(a)-(b). On the other hand, the mother, or a man alleging to be the child's father, or the department or its agents

> *Must* file a paternity action no later than two (2) years after the child is born, *unless*:

(1) Both the mother and the alleged father waive the limitation in actions and file jointly;

(2) Support has been furnished by the alleged father or by a person acting on his behalf, either voluntarily or under an agreement with:
   (A) The mother;
   (B) A person acting on the mother's behalf; or
   (C) A person acting on the child's behalf;

(3) The mother, the department, or a prosecuting attorney . . . files a petition after the alleged father has acknowledged in writing that he is the child's biological father;

(4) The alleged father files a petition after the mother has acknowledged in writing that he is the child's biological father;

(5) The petitioner was incompetent at the time the child was born; or

(6) A responding party cannot be served with summons during the two (2) year period.

I.C. § 31-14-5-3(b) (emphasis added). While it is undisputed that more than two years have passed since the Child's birth, and therefore Alleged Father is barred from filing a paternity action, the State now relies on I.C §§ 31-14-4-1(7)(b) and 31-14-5-3(b)(3) to maintain that "[w]hen [Alleged] Father applied for Title IV-D services with the Miami County Child Support Division, he acknowledged in writing that he was the [C]hild's biological father."[4] (Appellant's Br. p. 9).

---

[4] The majority points out that the case commenced when Alleged Father applied for services based on I.C. §§ 31-25-4-17 & -19 and "according to those statutes, the Prosecutor was required to provide those services." (Slip op. p. 8). These provisions relate to the duties and services provided by the Child Support Bureau and are irrelevant to the specific powers of the prosecutor's office in pursuing paternity proceedings. *See e.g.*, I.C. § 31-25-4-13.1(b) ("The bureau shall make the agreements necessary for the effective administration of the plan with local governmental officials within Indiana. The bureau shall contract with: (1) a prosecuting attorney[.]"). Accordingly, the limitations imposed on the State in its prosecution of paternity cases is separate from and not governed by I.C. Ch. 31-25-4.

[24] Nevertheless, prior to our Legislature amending the paternity statute in 2015,[5] the statutory provisions did not include the circumstances in which a Title IV-D prosecutor was permitted to file a paternity action. Currently, the statute provides in Indiana Code section 31-14-4-3 that the department or prosecuting attorney may file a paternity action if: "(1) the mother; (2) the person with whom the child resides; or (3) the department; has executed an assignment of support rights under Title IV-D of the federal Social Security Act." Here, Alleged Father, the Child's biological father, applied to the Title IV-D office and requested it to represent him in the establishment of the Child's paternity by assigning his support rights. However, after the amendment of the paternity statute in 2015, the State can no longer commence a paternity suit at the request of a biological father, unless the biological father is the "person with whom the child resides." *See* I.C. § 31-14-4-3. Because the Child did not reside with Alleged Father, the State cannot initiate the paternity action.

---

[5] In 2015, with the amendment of that paternity statute, the Indiana General Assembly repealed Indiana Code section 31-14-4-2(a), which previously stipulated that:

    (a) Upon the request of:

        (1) The child;

        (2) The other or expectant mother;

        (3) A man alleging to be the father or expectant father

        (4) The department; or

        (5) The county office of family and children;

    The prosecuting attorney shall file a paternity action and represent the child in that action.

[25]     In support of its argument that the State may commence a paternity action as the child's next friend at a biological father's request, the State refers to *In re Paternity of S.A.M.*, 85 N.E.3d 879, 886 (Ind. Ct. App. 2017), in which the court noted that although "[t]here is no statutory definition of 'next friend,'" "only parents, guardians, guardians ad litem, and prosecutors may bring paternity actions as next friends of children." However, I find *In re Paternity of S.A.M.* unpersuasive as it dealt with an establishment of paternity by a grandparent and is silent about the application of Indiana Code section 31-14-4-3 in combination with a paternity action filed by the Title IV-D prosecutor.

[26]     Seemingly arguing for unbridled rights to bring paternity actions, the State contends that "prosecutors are required to provide Title IV-D services, including establishment of paternity, to people who are not receiving public assistance. And reliance on Indiana Code section 31-14-4-3 was not necessary in light of the specific provision in Indiana Code section 31-14-5-3(b)(3) for a prosecuting attorney to file a paternity action, as well as the duties imposed by federal and state law [] relating to operation of the Title IV-D program." (Appellant's Br. p. 13). Thus, based on the State's argument, any putative father could avoid his two-year statute of limitations by simply requesting the State to file a petition of paternity as the child's next friend. This effectively makes a mockery of the statute of limitations. I would caution the State that although the office of the prosecuting attorney is provided for in Article 7, Section 16 of the Indiana Constitution, the office receives its authority to act from the Legislature. *Mounts v. State*, 496 N.E.2d 37, 39 (Ind. 1986). "Where

the Legislature has enumerated the powers incident to any given office and the Constitution is silent as to the duties of that office, the Legislature's enactment is final, and supersedes any residual authority that office may have had at common law." *Id.* Accordingly, there is no inherent authority of the Title IV-D prosecutor to file a paternity action on behalf of a child. Rather, the authority and the constraints on a prosecutor's obligation to act as a child's next friend in bringing a paternity action emanate from the state statutes—or what the State statutes deem appropriate within the federal parameters—not the operation of the Title IV-D program or federal grants initiatives. Accordingly, the State, through its Title IV-D prosecutor, cannot bring a paternity action as the Child's next friend at Alleged Father's request,[6] and I would affirm the trial court's dismissal of the paternity petition.

---

[6] I acknowledge that this court recently decided *Litton v. Baugh*, 122 N.E.3d 1034 (Ind. Ct. App. 2019), in which we concluded that a biological father may be permitted to file a paternity action as next friend of a child even though the biological father is time-barred to file in his own name pursuant to I.C. § 31-14-5-3. The *Litton* court expressed its concern with this possible inconsistency and invited the General Assembly to address this. Meanwhile, we distinguish *Litton* as, here, the State filed as next friend of the Child at the request of the Alleged Father.